In the Matter of MENDOZA FUR DYEING WORKS, INC., Respondent, against FRANK J. TAYLOR, as Comptroller of the City of New York, Appellant.

(Argued November 18, 1936; decided December 31, 1936.)

*Paul Windels, Corporation Counsel (Meyer Bernstein, Oscar S. Cox* and *Frank J. Derrick* of counsel), for appellant.

*George J. Beldock* and *Lawrence Bloomgarden* for respondent.

*A. Joseph Geist, George E. Netter* and *Isaac Katz* for Great Northern Fur Dyeing Corporation *et al., amici curiæ.*

HUBBS, J.   The respondent was engaged in the business of dyeing and processing fur skins owned by dealers and manufacturers.   Respondent does not trade in, buy or sell fur skins.   It does, however, in performing the service

of dyeing and processing, use certain chemicals and dye stuffs purchased by it. Such chemicals and dye stuffs, except so far as they may adhere to or be incorporated into the skins processed, are consumed in its service operations.

In 1934 the Legislature, by chapter 873 of the laws of that year, authorized the city of New York, enacting through its local legislative body, to adopt and amend local laws imposing any tax or taxes which the Legislature would have power and authority to impose, to relieve the people of the city from hardships and suffering caused by unemployment. Pursuant to such authorization, the local legislative body of the city in 1934 adopted Local Law No. 24 (published as Local Law No. 25, in Local Laws, 1934, pp. 164–175), imposing a tax upon the sale of tangible personal property to any person for any purpose other than for resale in the form of tangible personal property, the tax to be paid by the purchaser and collected by the seller.

Acting under the authority conferred upon him by law, the Comptroller of the city of New York adopted certain rules and regulations. By article 34 thereof it was provided that a purchaser who disposes of tangible personal property in any other manner than by resale becomes the consumer thereof; that persons engaged in cleaning and dyeing industries are rendering a service and are not in the business of selling tangible personal property; that a dyer, including a fur dyer, is the consumer of all articles of tangible personal property purchased and used by him in connection with the service he renders and that he is required to pay the tax to his vendors. By section 39 of the regulations the liability of a fur dyer for the tax on tangible personal property sold to and consumed by him is reasserted and it is specified that persons who sell tangible personal property to such service industries are required to collect the tax.

A tax was collected upon the sale of dye stuffs and chemicals purchased by the respondent. It applied to the

Comptroller for a refund of the tax paid. The application was denied. It thereafter petitioned for a certiorari order to review the determination of the Comptroller. The order was granted, the determination reviewed and annulled by the Appellate Division upon the ground that prior to dyeing, the materials dyed are colorless, and after the application of the dye the materials acquire a hue or color; that, therefore, the chemicals maintain their chemical character after completion of the dyeing process; that in view of such fact, the dyer is not the ultimate consumer and the sale to him is not taxable, and that if the Comptroller's determination were confirmed, a double tax would result.

Reference is made to other rules and regulations made by the Comptroller which are said to be in conflict with the rules and regulations here involved. The promulgation of such rules and regulations does not tend to establish the legality or illegality of the rules and regulations in question.

Section 1 (g) of the local law reads: " A ' retail sale ' or ' sale at retail ' means a sale to a customer, or to any person for any purpose other than for resale in the form of tangible personal property."

Section 1 (f) defines " tangible personal property " as " corporeal personal property."

Obviously, the fur dyer is not engaged in the business of reselling chemicals and dye stuffs as such or as tangible personal property. Its business is that of rendering skilled services and performing labor upon the property of others. The fact that in so doing it is required to use and consume chemicals and dye stuffs is incidental to the services rendered. As stated in *United States* v. *Fur Dressers' & Fur Dyers' Assn.* (5 Fed. Rep. [2d] 869, 872), " The defendants [*i. e.*, the fur dressers and fur dyers] neither buy nor sell furs. They only dress and dye furs belonging to others at their places of business. Dyeing and dressing furs do not constitute trade or commerce, but only the performance of labor."

The only cases in this jurisdiction to which we are referred where a question of somewhat similar nature was under consideration are *People ex rel. Walker Engraving Corp.* v. *Graves* (243 App. Div. 652; affd., 268 N. Y. 648) and *People ex rel. Foremost Studio, Inc.,* v. *Graves* (246 App. Div. 130).

In *People ex rel. Walker Engraving Corp.* v. *Graves* (*supra*) the question presented was whether the sale of engraved plates by the engraving company constituted a sale of tangible personal property or a contract for services. There the photo engraver furnished a piece of copper or zinc plate upon which he engraved a design. The value of the metal was not more than two per cent of the purchase price. The engraver was not in that case doing work upon materials furnished by others to him. The completed product was delivered. The court held that under the facts of that case there was a sale of the engraved metal plate.

In *People ex rel. Foremost Studio, Inc.,* v. *Graves* (*supra*) the court upheld the New York State retail sales tax upon the sale to manufacturers of designs to be used on cloth fabrics. The vendor created a design on paper. That design was sold to the manufacturer and by the manufacturer copied or reproduced on its product. The physical thing bearing the design sold to the manufacturer did not itself become a part of the finished product. In that case, as in *People ex rel. Walker Engraving Corp.* v. *Graves* (*supra*), the vendor in the sale taxed did not perform a service upon the property of another in connection with which it was necessary for the vendor to use certain other materials. In each of those cases a finished product was sold, regardless of the fact that into that product went certain materials which had been purchased by the vendor.

In the present case the dyer did not sell a finished product but performed work on the property of others in connection with which the chemicals and dye stuffs were used. In neither of the two cases above referred

to was there involved the question of whether or not the materials used by the vendee in the taxed sale were taxable on their sale to such purchaser.

While double taxation is not to be favored and a statute is to be construed, if possible, to avoid such a result, a taxing statute must be given a practical construction, and where the tax involved is a sales tax upon the sale of tangible personal property to the consumer, it is not always possible to reach a practical determination as to who is the ultimate consumer with entire certainty so as to avoid entirely the possibility of a resultant double taxation to a limited extent. To carry to its logical conclusion the argument that only the sale to the ultimate consumer should be taxed would result in excluding from taxation many sales of tangible personal property. We think, therefore, that the construction thus far placed upon the law as it applies to the sale of chemicals and dye stuffs to a dyer who does not resell the product as such but consumes it in performance of services upon the property of another, is entirely too narrow. The mere fact that some part of the product so sold to the dyer adheres to the property of another upon which its services are performed, and such part is discernible by microscopic examination, is insufficient to make the dyer a vendor of the dyes and chemicals purchased by it.

The order of the Appellate Division should be reversed and the order of certiorari dismissed, with costs in all courts.

O'BRIEN, J. (dissenting). I agree with the Appellate Division that these chemicals were purchased by the fur dyer for the purpose of " resale in the form of tangible personal property," and that the dyer does not consume them but resells them in the form of tangible personal property. Article 34 of the Rules and Regulations, issued by the Comptroller, which provides that " Persons engaged in the cleaning and dyeing industries are rendering a

service and are not in the business of selling tangible personal property," fails to recognize the vital distinction between cleaning and dyeing. In cleaning a garment or a building, the material is, of course, consumed by the cleaner. Title to the soap used in a laundry or the fluid employed to obliterate spots from a suit of clothes or the material used to remove paint or varnish from a building or from furniture is not transferred to the person for whom the cleaning is performed. The cleaner never sells this material but consumes it in the process of cleaning. After that process has been completed the soap suds or cleaning fluid or paint remover becomes waste and is either destroyed or remains the property of the cleaner. In respect to dyeing, the principle is entirely different. The dyer purchases his material, applies it to cloth or fur just as the painter buys his paint and applies it to a building or some other article. The dyer or the painter charges his customer not only for the manual service of adding color to some object but also for the cost of the material which he applies. For a consideration he parts with the ownership of this tangible coloring matter and transfers title to the person who owns the article to which he affixes it. After this tangible coloring matter has been applied to fur, cloth or, in the case of paint, to wood or metal, it remains tangible. Unlike an incorporeal right or interest, this material can be seen after the process of dyeing and it can also be removed from the object to which it has been attached and can be touched and tasted. It can be physically identified. The fur dyer is engaged not only in rendering service and performing labor upon the property of others; he makes a physical addition to that property and charges for it. In cleaning, only services are performed and the material used in the process becomes waste and is destroyed; in dyeing, services are performed and tangible property is sold.

After the garments have been dyed by this respondent, they are sold in the market by their owners and a second

tax is imposed. The statute in no respect indicates an intent to impose double taxation and, accordingly, the regulation of the Comptroller is not authorized.

CRANE, Ch. J., CROUCH, LOUGHRAN and FINCH, JJ., concur with HUBBS, J.; O'BRIEN, J., dissents in memorandum, in which LEHMAN. J., concurs.

Ordered accordingly.