### In re H. D. KAMPF, Inc.

District Court, S. D. New York.

Feb. 5, 1941.

Harry LeRoy Schulman, of Brooklyn, N. Y., for trustee.

William C. Chanler, Corp. Counsel, of New York City (Sol Charles Levine and Milton Sandberg, both of New York City, of counsel), for City of New York.

HULBERT, District Judge.

This is an application to review an order of a referee in bankruptcy expunging a claim of the City of New York for sales taxes in the sum of $3,249.04.

The bankrupt was a dealer in dyestuffs and chemicals.

The Comptroller of the City of New York has determined a deficiency in tax of $2,908.69 which has been claimed in this proceeding by the city with interest thereon.

The trustee, however, contends that no tax is due because textile dyers purchase the dyes and chemicals "for resale in the form of tangible property" and are thus exempt from tax.

The city contends that dyers who work upon fabrics belonging to others are merely performing services and that such purchases by these dyers are for consumption by the dyers themselves and not for resale within the meaning of the Sales Tax Law. This issue constitutes the bone of contention between the trustee and the city.

By virtue of Local Law No. 24, published as No. 25 (Local Laws 1934, pp. 164–175) the City of New York imposed a tax upon the sale of tangible personal property to any person for any purpose other than for resale in the form of tangible personal property, the tax to be paid by the purchaser and collected by the seller.

The claimed liability of the bankrupt herein for failure to collect these taxes therefore turns on whether or not the purchasers of its dyes and chemicals were consumers of said dyes and chemicals or were purchasers for resale of the dyes and chemicals on the theory that in dyeing materials for their own customers they, the bankrupt's purchasers, were reselling the bankrupt's dyes to the owners of the dyed garments.

In Article 87 of the Regulations of the Comptroller, it is stated: "Purchasers who dispose of tangible personal property in any manner other than by resale become the consumers thereof and sales to them are sales at retail and they are required to pay the tax to their vendors. Persons engaged in service industries are deemed to be the ultimate consumers of all tangible personal property sold to them and consumed by them in the course of the services which they render. Included in such industries are laundries, dry cleaners, fur dyers, rug cleaners and automobile laundries."

Because of the express mention of fur dyers, the trustee attempts to argue that all other dyers are excluded from the purview of said regulation. Such a contention is untenable. The language of the regulation in referring to fur dyers, inter alia, is obviously meant to be illustrative and not definitive. Certainly a dyer of textiles is as much engaged in a service industry as a fur dyer and there can be no valid reason for such a distinction. In Matter of Mendoza F. D. Works v. Taylor, 272 N.Y. 275, at pages 278 and 281, 5 N.E.2d 818, the Court of Appeals in holding a fur dyer liable for such a sales tax, said in part:

"By article 34 thereof it was provided * * * that persons engaged in cleaning and dyeing industries are rendering a service and are not in the business of selling tangible personal property; that a dyer, including a fur dyer, is the consumer of all articles of tangible personal property purchased and used by him in connection with the service he renders and that he is required to pay the tax to his vendors. * * *

"We think, therefore, that the construction thus far placed upon the law as it applies to the sale of chemicals and dyestuffs to a dyer who does not resell the product as such, but consumes it in performance of services upon the property of another, is entirely too narrow. The mere fact that some part of the product so sold to the dyer adheres to the property of another upon which its services are performed, and such part is discernible by microscopic examination, is insufficient to make the dyer a vendor of the dyes and chemicals purchased by it."

Therefore, applying this construction by the Court of Appeals to the language in question, and by virtue of the fair intendment of these regulations by a reading thereof, I am of the opinion that the referee erred in holding that the sales of the dyes in question were not established by the city to be for consumption rather than resale.

The trustee urges that, assuming arguendo that the bankrupt should have collected the tax, the city is now estopped from seeking to impose this liability on the bankrupt. The basis for the claimed estoppel is the fact that although the bankrupt has filed returns and amended returns the city never questioned them until the bankruptcy proceeding, at which time the bankrupt may not be able to recover the taxes from its customers who purchased the dyes; that the city never regarded the dyers, exclusive of fur dyers, to be within the purview of the regulations in question.

Further, the trustee contends that by virtue of Local Law Number 20, published as No. 21, for 1934, p. 144, Section 2: "* * * the burden of proving that a receipt is not taxable hereunder shall be upon the person who made the sale or rendered the service, unless such person shall have taken from the purchaser a certificate signed by and bearing the name and address of the purchaser to the effect that the property or service was purchased for resale," and the burden of proving taxability of all the transactions covered by resale certificates which the bankrupt holds is upon the city.

The city denies this as to some of the transactions, asserting that the resale certificates were in improper form. The trustee replies with the claim of laches by the city in failing to promptly notify the bankrupt of any such defect and change of position in reliance thereon by the bankrupt.

I do not pass on any of these points at this time. In view of the manifest error

of law regarding the taxability of the transactions under attack, I direct that the entire matter be reopened before the referee and that he proceed in conformity with this opinion and afford either the city or the trustee a further opportunity to submit proof on all points in issue not decided herein. Settle order.