In the Matter of COLGATE-PALMOLIVE-PEET COMPANY, Respondent, against LAZARUS JOSEPH, as Comptroller of the City of New York, Appellant.

Argued January 19, 1955; decided March 11, 1955.

*Leo A. Larkin, Acting Corporation Counsel (Stanley Buchsbaum, Seymour B. Quel* and *Leroy Mandle* of counsel), for appellant. I. The corrugated shipping cartons in which petitioner shipped the soap and toilet articles sold to New York City retail grocers and druggists were not purchased by these retailers for resale. Hence these sales are sales at retail taxable under the city's sales tax laws. (*Matter of Mounting & Finishing Co.* v. *McGoldrick,* 294 N. Y. 104; *Matter of Jacobs* v. *Joseph,* 282 App. Div. 622; *Matter of American Molasses Co.* v. *McGoldrick,* 256 App. Div. 649, 281 N. Y. 269; *Sterling Bag Co.* v. *City of New York,* 256 App. Div. 645, 281 N. Y. 269; *Matter of Wood Packing Box Co.* v. *McGoldrick,* 262 App. Div. 720, 286 N. Y. 665.) II. The resale certificates, taken by petitioner from the retail grocers and druggists to whom it sold soap and toilet articles, did not exempt it from collecting sales tax on the sale

of shipping containers because petitioner knew that these customers were not engaged in the business of reselling such containers. (*Matter of Carrano* v. *McGoldrick,* 270 App. Div. 925.) III. There is no basis for the claim of estoppel. (*Metropolitan Life Ins. Co.* v. *Childs Co.,* 230 N. Y. 285; *People ex rel. Rice* v. *Graves,* 242 App. Div. 128, 270 N. Y. 498, 298 U. S. 683.) IV. The sales tax assessment here imposed does not constitute a second gross receipts tax. Petitioner is obliged to pay because it failed to obey the mandate of the law that it collect the sales tax. It may still recover the sales tax from its customers. (*Matter of Fifth Ave. Bldg. Co.* v. *Joseph,* 297 N. Y. 278; *Matter of Kesbec, Inc.,* v. *McGoldrick,* 278 N. Y. 293.) V. The use tax is not at all involved in the final determination under review.

*Sol Charles Levine, S. H. Levine* and *Joseph M. Godman* for respondent. I. Within the meaning of the local laws, petitioner is not liable for the sales or compensating use tax either as a retail purchaser or as a retail vendor of the corrugated cartons in which it delivers to grocers and druggists its products to be resold by them. (*Matter of American Molasses Co.* v. *McGoldrick,* 256 App. Div. 649, 281 N. Y. 269; *Matter of Wood Packing Box Co.* v. *McGoldrick,* 286 N. Y. 665.) II. The city council has expressly shown a clear intention to exclude a packer such as petitioner from the imposition of a compensating use or sales tax either as retail purchaser or retail vendor. III. Even if the transaction between petitioner and its customers could, under certain states of fact, become a retail sale of the container taxable to the customer, the receipt by petitioner of resale certificates exonerated it from the obligation to collect the tax. IV. The city is entitled to but one tax, either from the consumer or the retail vendor, but not to two taxes. (*Matter of Fifth Ave. Bldg. Co.* v. *Joseph,* 297 N. Y. 278; *Matter of United Parcel Service of N. Y.* v. *Joseph,* 272 App. Div. 194.) V. There is no basis in the record for holding petitioner liable either under the Sales Tax Law or the Use Tax Law as a purchaser at retail of the cartons. (*Matter of Gunther's Sons* v. *McGoldrick,* 279 N. Y. 148; *Matter of United Artists Corp.* v. *Taylor,* 273 N. Y. 334.) VI. The comptroller's failure to remove his regulation declaring that one in petitioner's position was considered by

him to be the retail consumer of the container after such regulation had been invalidated by this court and his failure to announce in a new regulation that thereafter he intended to hold petitioner as a tax collector with respect to a retail sale of the container to its customers estops him from holding petitioner responsible as a collector. This estoppel is fortified by the comptroller's consistent practices with respect to petitioner's retail grocery and druggist customers in refraining from collecting from and imposing upon them a tax. (*Matter of Kesbec, Inc.,* v. *McGoldrick,* 278 N. Y. 293; *Libby, McNiel & Libby* v. *Department of Taxation,* 260 Wis. 551; *La Societe Francaise* v. *California Employment Comm.,* 56 Cal. App. 2d 534, 320 U. S. 736.) VII. The net result of the comptroller's administrative practices is to impose, contrary to the local law provisions, a mandatory vendor's tax and not a mandatory consumer's tax; and is in violation of the prohibition in the State enabling act against the imposition of more than one tax upon the gross income or gross receipts of any one person, petitioner having paid his gross receipts tax with respect to the receipts in question. (*Matter of Tiffany,* 179 N. Y. 455; *Holmes* v. *County of Erie,* 266 App. Div. 220, 291 N. Y. 798; *Matter of Merchants Refrig. Co.* v. *Taylor,* 275 N. Y. 113.)

CONWAY, Ch. J. Petitioner, the Colgate-Palmolive-Peet Company, is a corporation organized under the laws of the State of Delaware, and has its principal place of business in Jersey City, New Jersey. Its business consists of the manufacture, packing and sale of soaps and toilet articles such as toothpaste, shaving cream and the like. These articles are sold in bulk principally to wholesalers, jobbers, retail grocers and retail druggists. The sales involved on this appeal are those made by the petitioner to retail grocers and druggists in the city of New York.

The issue is whether petitioner may be held liable as a retail vendor or as a retail purchaser for the New York City Sales Tax upon the corrugated cardboard cartons in which it ships its products to those grocers and druggists. No question of the use tax is involved.

It is undisputed that when the petitioner sells its products in the cartons there is a sale not only of the contents of the carton, but of the carton itself. Testimony was given by a number of petitioner's customers that, after they had ripped open the cartons and had removed the products, they considered the cartons as waste or rubbish. One of petitioner's employees testified that if the cartons were opened by its customers in *one particular* manner, and with a *special tool* or implement, then the cartons so opened would be reusable as cartons, but there was no testimony that any of petitioner's customers opened cartons in that manner. Some of petitioner's customers testified that they occasionally used the cartons, after removing the contents, for the delivery of their own wares; but none of petitioner's customers who testified indicated that he purchased the cartons for the purpose of resale. All but two of them further indicated that they knew of no other similar retailers who ever resold such used cartons. The conclusion is inescapable that there was no general custom and practice among petitioner's customers of reselling the empty cartons. That some of the cartons may have been resold in isolated instances does not undermine that conclusion, nor establish a contrary custom. That being so, the further logical conclusion is that the carton first used by the petitioner for the purpose of shipping its goods is then received by the retailer and, after a brief use as a temporary storage container, is emptied of its contents and disposed of as waste or rubbish.

The applicable statutes levied a tax " upon the amount of the receipts from every sale of tangible personal property sold at retail * * * " (Administrative Code of City of New York, § N41–2.0, subd. a, par. 1). In the definitions section of this statute, a sale at retail is defined as " a sale to any person for any purpose other than for resale in the form of tangible personal property * * * " (Administrative Code, § N41–1.0, subd. 7).

The comptroller determined that the petitioner should have paid sales taxes to the City of New York upon the sales of cartons made by it to its customers. That involved a determination that the sales made by petitioner were retail sales, or sales " for any purpose other than for resale ", as defined by the statutes.

The Appellate Division annulled the comptroller's determina-

tion, holding that the petitioner itself is the consumer of the cartons. That conclusion, however, is not in accord with the decided cases of this court.

Upon review in such cases as this, the function of the court is limited to ascertaining whether or not there is a rational and legal basis for the decision of the administrative body (*Matter of Mounting & Finishing Co.* v. *McGoldrick*, 294 N. Y. 104, 108).

In *Matter of American Molasses Co.* v. *McGoldrick* (281 N. Y. 269) and *Sterling Bag Co.* v. *City of New York* (281 N. Y. 269), the issues were whether or not a retail sale took place when a manufacturer of metal and wooden barrels and casks, as well as when a manufacturer of large burlap and cotton sacks and bags, sold those containers to another company which packed its wares into them and resold the whole to its customers. We held that the packers of the wares were not retail purchasers from the manufacturers of the containers. The reasoning in that case was that "*the container and contents are not inseparably connected.* * * * *The container remains ' tangible personal property ' after it has been filled* by the refiner or packer and resold as an incident of the sale of the contents; it may be resold as tangible personal property by the purchaser of the contents who has no use for an empty container after the contents have been removed " (281 N. Y. 273–274; emphasis supplied. See, also, *Matter of Wood Packing Box Co.* v. *McGoldrick,* 286 N. Y. 665).

The same may be said of the cartons in the present case. They are not an integral part of and inseparable from their contents; but the cartons are used " only to facilitate the sale of the product packed in the container and *not for the purpose of a resale of the container as an article of commerce* " (281 N. Y. 269, 273; emphasis supplied). The testimony of petitioner's customers amply establishes that they did not customarily engage in the resale of petitioner's containers " as an article of commerce ". There was no basis, therefore, for any conclusion *that petitioner sold the cartons for the sole purpose of resale* — which is the statutory test for a sale not at retail.

The Appellate Division decided that the present case was not controlled by our decisions in the *American Molasses Company,* the *Sterling Bag Company,* and the *Wood Packing Box Company*

cases (*supra*). The grounds advanced by the majority in the Appellate Division for distinguishing the present case from those cases, viz., the durable nature of the containers in those cases, the price differential depending upon which container was used, and the customer's ability to choose a container of a specific type — all these are *differences,* but they are not substantial grounds of distinction. The metal or wooden barrels or boxes and the burlap or cotton bags or sacks may differ in their relative degree of durability; but all of these as well as the cartons used by the petitioner herein are *not inseparable* from their contents, and hence all may be said with equal accuracy to be sold *as containers* by the packer, and to be capable of resale by the retailer as articles of commerce apart from their contents. Since there is no basis for deciding that the present case differs substantially from those other cases, they are controlling; and in the present case they dictate a decision that petitioner is not a retail vendee although it may be liable as a vendor at retail unless its customers buy the cartons for the sole purpose of reselling them. Petitioner has been unable to show that.

At the time of its sales to its retail customers, and in order to avoid liability for sales taxes, petitioner obtained from each of them a signed resale certificate which stated that all the tangible personal property purchased by the customer was purchased for resale in the form of tangible personal property. These certificates, however, do not specify whether they cover only the contents of the cartons, or whether they cover both the contents of the carton and the carton itself. Indeed, in its brief on this appeal, the petitioner stated that "* * * it must be admitted by both sides that the customer was not even aware that he was buying a container either at retail or wholesale." If that be so, then the customer could never have intended that the resale certificate include the cartons, and that leaves petitioner in the position of one who has made a retail sale without collecting the sales tax.

Although it is not necessary to investigate whether the petitioner had actual knowledge that the cartons were not in fact being resold by its customers, nevertheless there is testimony which would show such knowledge. One of petitioner's cus-

tomers stated on cross-examination that a salesman for petitioner had come into his store and requested the witness to sign a resale certificate. The storekeeper related the incident thus: " I remember the salesman was in my store for an order and he asked me what I did with the boxes, and *I told him I gave them away to the customers.* He told me to sign it [i.e., the resale certificate] and I signed it " (emphasis supplied).

In the present case, therefore, there is evidence that petitioner had actual knowledge that, in one case at least, the cartons were not being resold; and the instant case is thus distinguishable from *Matter of American Cyanamid & Chem. Corp.* v. *Joseph* (308 N. Y. 259), in which there was no such actual knowledge. It cannot be said, therefore, that there was no duty upon the petitioner to inquire as to whether the retail grocers and druggists were also reselling the cartons. Nor is that an unreasonable burden to cast upon such a vendor under similar circumstances, particularly where there is in fact no customary and ready market for the resales alleged by the taxpayer-vendor to be the usual practice of its vendees.

The petitioner herein urged that the comptroller's determination violates the spirit of both the sales and the use taxes. The use tax itself is not involved on this appeal, hence the issue of whether or not a carton is " attached to or sold with " the products manufactured by the petitioner, and is therefore exempt from taxation under the Use Tax Law (cf. Administrative Code, § M41–17.0, subd. 9), is not before us. The preceding discussion clearly shows that the sales tax is applicable.

It was also argued that to compel petitioner to pay the sales tax which it should have collected from its customers amounts to the imposition of a second gross receipts tax. In the first place, the sales tax collected from retail vendors, who have failed to collect it from their vendees, is not an additional gross receipts tax, but a penalty for failing to collect the sales tax. In *Matter of Mendoza Fur Dyeing Works* v. *Taylor* (272 N. Y. 275) the argument was likewise made that the sales tax amounted to double taxation, but we said that " a taxing statute must be given a practical construction, and where the tax involved is a sales tax upon the sale of tangible personal property to the consumer, it is not always possible to reach a practical deter-

mination as to who is the ultimate consumer with entire certainty so as to avoid entirely the possibility of a resultant double taxation to a limited extent " (272 N. Y. 281).

A practical approach to the sales tax would require that, where a series of transfers may take place, the tax be imposed on the very first occasion that a transfer of title or possession meets the statutory test of a retail sale, for then the value of the item taxed will be greatest and the tax received will be at its highest. Although, as we have previously indicated, petitioner may not be held liable as a retail vendee, when petitioner's customers buy the cartons and their contents they may be held as retail vendees of the cartons depending upon the purpose for which they bought them. If it were solely for the purpose of resale, the petitioner is secure from sales tax liability; but petitioner failed to show any such purpose on the part of its customers.

It was further urged that the comptroller acted in such a manner as to induce the petitioner to take a course of action which now results in pecuniary liability. The basis of this argument was the comptroller's conduct in leaving on the books a regulation which included within the definition of retail sales the sale of packing and shipping materials to persons using them for packing, wrapping or crating goods being prepared for sale (Rules and Regulations, City Sales Tax, art. 69, subd. 2). By its terms, however, this regulation applied only to sales of containers to those who packed them with goods for resale, and not to retailers of the products so contained. Moreover, the practical effect of our decisions in the *American Molasses Company,* the *Sterling Bag Company* and the *Wood Packing Box Company* cases (*supra*) was to overrule and nullify this regulation, for those cases held that a packer is *not* the retail vendee of the packing materials it buys and uses in its business. But whether or not this regulation was nullified by our prior decisions would not be decisive upon whether or not a retail sale took place when the carton was *resold* by the present petitioner to its retailer. That is a separate and distinct problem. Furthermore, it is pursuant to the mandate of the statute that the vendor must collect the sales tax, and the regulations are but to clarify and specify the manner of compliance with the taxing law. There was no act of the comptroller, no regulation relating to sales

by such as petitioner to its retail outlets, upon which the petitioner could have rightfully relied in taking a course of action to its detriment. Certainly it could not justifiably rely upon a regulation which never encompassed the type of sales here involved, and which regulation had been nullified by decisions of this court. Petitioner has not shown the elements necessary to give rise to an estoppel (cf. *Metropolitan Life Ins. Co.* v. *Childs Co.,* 230 N. Y. 285, 292).

There is ample basis for the comptroller's determination that the sales by petitioner to its customers were sales at retail, and that the petitioner was not protected by the resale certificates it obtained.

Accordingly, the order of the Appellate Division should be reversed and the determination of the comptroller confirmed, with costs in this court and in the Appellate Division.

DESMOND, DYE, FULD, FROESSEL and VAN VOORHIS, JJ., concur; BURKE, J., taking no part.

Order reversed, etc.