Thomas Dickens, J.
This is a proceeding pursuant to article 78 of the Civil Practice Act to declare section 45.2 of the Rules of the State Liquor Authority (9 NYCRR 45.2) invalid, and to direct respondents to accept petitioner’s application for removal of its licensed premises to a new location, or, in the alternative to vacate respondents’ determination denying petitioner’s application for a waiver of section 45.2.
Respondent New York City Alcoholic Beverage Control Board denied petitioner’s application for removal of its license to new premises on the ground that petitioner failed to secure prior written approval and waiver from the State Liquor Authority to file such application. Such a waiver is required by section 45.2 of the Rules of the State Liquor Authority. Thereafter, petitioner applied for a waiver pursuant to said rule, which application was denied by respondent State Liquor Authority.
Respondents cross-move to dismiss the petition on the ground that it does not state facts sufficient to entitle petitioner to the relief sought.
*863 Section 45.2 provides for the continuation of the limitation on the filing period with respect to removal applications. Said rule provides that such filing could be made during a specified period. It further provides that applications could be accepted during other periods if the party seeking the removal would continue to serve substantially the same area, or, under certain circumstances, in order to prevent undue hardship, as amended on July 25, 1962, rule 39 extends the period of limitation of filing to July 31, 1963, while providing that filing may be made from April 1, 1963 to April 30, 1963. In effect, section 45.2 creates a moratorium on petitions for removal of licensed premises.
In the matter now before the court petitioner sought to file the application on May 20,1963, when same could not be accepted.
The validity of rule 39 (now § 45.2) has been upheld by this court in Matter of Willmont Liq. v. Rohan (2 Misc 2d 768). Therein it was held that (p. 781): “ The Legislature has passed laws empowering the Authority to issue or refuse to issue licenses (Alcoholic Beverage Control Law, § 17, subd. 1) and to say when a license may or may not be moved (Alcoholic Beverage Control Law, § 111) and in order that it may carry out such a mandate I hold that there is an implication that appropriate rules and regulations may be promulgated by the Authority (Alcoholic Beverage Control Law, § 2). It is plain to me that the Authority must in advance regulate when and where applications are to be filed and the manner of their processing ’ ’.
Section 45.2 is reasonable and is within the framework of the legislative mandate. It is therefore not subject to judicial abrogation (Tropp v. Knickerbocker Vil., 205 Misc. 200, affd. 284 App. Div. 935).
This court is of the opinion that neither Matter of Gross v. New York City Alcoholic Beverage Control Bd. (7 N Y 2d 531) nor Matter of Kaplan v. Rohan (8 A D 2d 270, appeal dismissed 7 N Y 2d 884) is controlling in the present situation. These cases held rule 45 of the Rules of the State Liquor Authority to be invalid. It appears that rule 45 had set up a licensing plan which was contrary to the procedures provided for by the Legislature. Such is not the case with regard to section 45.2.
Having held that section 45.2 is valid, petitioner’s second request for relief must also be denied as academic, as it is based on the alleged invalidity of said rule.
The alternative relief sought is to vacate the respondents’ determination. Such relief cannot be granted without a showing that the determination was based on an arbitrary or capricious exercise of respondents’ discretionary powers (Matter of Stolz v. Board of Regents, 4 A D 2d 361; Matter of Payton v. New York *864 City Tr. Auth., 8 A D 2d 602; Matter of Colgate-Palmolive-Peet Co. v. Joseph, 308 N. Y. 333; see, also, Park Slope Chevrolet v. Moss, 27 N. Y. S. 2d 501). There has been no such showing on the present application.
Moreover, petitioner may not in the same proceeding rely upon a statute and attack the validity (Matter of Diocese of Rochester v. Planning Bd., 1 N Y 2d 508).
For the foregoing reasons, this application is denied, the petition is dismissed, and the cross motion is granted.