OPINION OF THE COURT
Lawrence E. Kahn, J.
This proceeding was commenced pursuant to CPLR article 78 to challenge the New York State Teachers’ Retirement System’s (Retirement System) interpretation of Laws of 1975 (ch 769) as barring petitioner from receiving retirement credit for employment funded under the Comprehensive Employment and Training Act (CETA).
In March of 1976, petitioner was hired by the East Syra *513 cuse-Minoa School System to fill a CETA-funded position. Her position was eventually eliminated, effective October 31, 1978, due to expiration of funding. Subsequently, she secured new employment in August of 1979 with the Cazenovia Central School System (Cazenovia) in a non-CETA position.
After several reversals in its interpretation of petitioner’s entitlement to retirement credit for her CETA employment, on June 20, 1985, the Retirement System notified her that a "final determination” had been made denying her such credit. Her CETA service would not be allowed for pension purposes in that more than 90 days had elapsed between her CETA employment and her subsequent employment by Cazenovia. On August 13, 1985 petitioner commenced the instant proceeding.
Initially, the proceeding is not barred by the four-month Statute of Limitations set forth in CPLR 217. Respondent claims that its determination in this matter became final and binding upon petitioner in February of 1985. However, given the numerous flip-flops by the Retirement System concerning this issue, there is no reason why petitioner should have regarded the February letter as anymore "final” than the prior determinations. It was not until the June 20, 1985 notice that the words "final determination” were first used. Only then could petitioner reasonably assume that the Retirement System would not again reverse its position. The proceeding was commenced within four months of June 20, and as such, is timely. This result is also mandated in that all parties agree that the litigation raises an issue of first impression of general impact and is likely to reoccur in the future. As such, the merits should be addressed, if possible, in the interest of future judicial economy.
Laws of 1975 (ch 769) provides in section (3) that "any person employed [in CETA-funded public service positions] who, at the termination of service in such position, renders five years or more service in another position for which creditable service is granted under such system or plan, may obtain credit not to exceed four years, for such period of [CETA] service”. This provision was enacted as an exception to the general purpose of the legislation which was to provide that persons so employed would not be eligible for membership in the Retirement System or Pension Plan. The central issue in this litigation is a determination of the legislative intent and meaning of the phrase "at the termination of service.”
*514 The Retirement System has interpreted the statute to require reemployment in a subsequent position for which creditable service may be granted within 90 days of termination of CETA-funded employment. Respondent has construed the statutory language to provide an exception to the general rule where subsequent employment is obtained within a reasonable time after termination of CETA employment, and have set 90 days as the period therefor. In support of this interpretation, they point to similar provisions in Federal regulations providing for buying back of certain retirement credits. While they acknowledge that these Federal provisions are not controlling with respect to the State Retirement System, nevertheless, respondent sets forth the same to establish the reasonableness of their interpretation of the statute.
Statutory language is to be interpreted according to the ordinary and common meaning of the words used unless it is clear that the Legislature intended a different meaning (Garcia v United States, 469 US 70). In this regard, the statute directs the respondent Retirement System, among the other retirement systems to which it may be applicable, to implement the provisions of the statute. Therefore, the court may look to the entity charged with administering the statute, of its construction is not unreasonable (Matter of Colgate-Palmolive-Peet Co. v Joseph, 308 NY 333, 338).
Herein, approximately 10 months elapsed between the time petitioner ceased to work for the East Syracuse-Minoa School System and her employment by the Cazenovia Central School District. It is clear that the overriding intent of chapter 679 was to limit retirement and pension eligibility vis-á-vis CETAfunded positions. Requiring subsequent employment within 90 days from termination of CETA service is not an unreasonable interpretation of the statute.
The petition for a judgment annulling the determination of the New York State Teachers’ Retirement System, which refused to include petitioner’s CETA service in the computation of her retirement benefits shall be dismissed.