■ VFP INVESTMENTS I LLC, Appellant, v FOOT LOCKER, INC., Respondent, et al., Defendants. [48 NYS3d 27]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered October 26, 2015, which granted defendant Foot Locker, Inc.'s motion to dismiss the complaint as against it pursuant to CPLR 3211 (a) (7), unanimously affirmed, without costs.

The fraudulent misrepresentation claim based on the theory of respondeat superior fails to state a cause of action. The allegations reasonably permit the inference that the verification

of accounts receivable issued to Foot Locker by nonparty G3K, a provider of marketing materials, fell within the scope of defendant Smith's employment as Foot Locker's "Director of In-Store Marketing," although they do not support a finding that verification was within the scope of defendant Rainier's employment as "Divisional Vice President of Franchise Development." However, nothing in the complaint permits the inference that Smith engaged in this fraudulent verification in furtherance of Foot Locker's business, rather than solely for personal motives (see Judith M. v Sisters of Charity Hosp., 93 NY2d 932 [1999]).

The fraudulent misrepresentation claim based on implied actual authority fails to state a cause of action. The allegation that Smith procured marketing materials directly from G3K permits the inference that Smith could reasonably have believed that she had implied authority to verify G3K's accounts receivable (see Greene v Hellman, 51 NY2d 197, 204 [1980]). However, she could not reasonably have believed that she had the authority to verify receivables falsely, and Foot Locker is not bound by the conduct in which she engaged that "exceed[ed] [her] authority" (Riverside Research Inst. v KMGA, Inc., 108 AD2d 365, 370 [1st Dept 1985], affd 68 NY2d 689 [1986]). The allegations do not support a finding that Rainier could reasonably have believed he had authority to verify G3K's accounts receivables.

The fraudulent misrepresentation claim based on apparent authority also fails to state a cause of action. As the trial court correctly noted, Smith's and Rainier's job titles were insufficient, by themselves, to convey that they had authority over accounting matters. Moreover, the complaint fails to allege any misleading facts or words by Foot Locker (see DLJ Mtge. Capital, Inc. v Kontogiannis, 102 AD3d 489, 489 [1st Dept 2013].

The fraudulent misrepresentation claim based on authority by estoppel fails to state a cause of action. The complaint does not allege that Foot Locker intentionally or carelessly caused plaintiff to believe that Smith or Rainier had the authority to verify receivables on its behalf (see Restatement [Second] of Agency § 8B). It alleges only that Foot Locker knew or should have known of Smith's fraudulent acts but did not take reasonable steps to notify plaintiff of the acts, to plaintiff's detriment. However, the allegations that Foot Locker knew or should have known of Smith's fraudulent acts are conclusory. Nothing in the complaint shows that Foot Locker was aware of the communications between Smith and plaintiff.

The complaint fails to state a cause of action for aiding and

abetting fraud. To the extent plaintiff argues that Foot Locker is liable for the acts of its corporate employees Smith and Rainier, it is relying on a theory of respondeat superior (*see Prudential-Bache Sec. v Citibank*, 73 NY2d 263, 276 [1989]). We have rejected this argument (*see id.*; *Judith M.*, 93 NY2d at 933). Further, while the allegations establish G3K's fraud scheme, nothing in the complaint permits the inference that Foot Locker had knowledge of, or substantially assisted in, the fraud (*see Stanfield Offshore Leveraged Assets, Ltd. v Metropolitan Life Ins. Co.*, 64 AD3d 472, 476 [1st Dept 2009], *lv denied* 13 NY3d 709 [2009]).

The negligence claim fails to state a cause of action, because it does not allege privity, or a relationship so close as to approach privity, between plaintiff and Foot Locker from which would arise a duty on Foot Locker's part to provide plaintiff with accurate information regarding G3K's receivables (*see Security Pac. Bus. Credit v Peat Marwick Main & Co.*, 79 NY2d 695, 702 [1992]; *LaSalle Natl. Bank v Ernst & Young*, 285 AD2d 101, 105-106 [1st Dept 2001]). Concur—Friedman, J.P., Renwick, Richter, Moskowitz and Kapnick, JJ.