People v Sotheby's, Inc. (2022 NY Slip Op 02501)

People v Sotheby's, Inc.

2022 NY Slip Op 02501

Decided on April 14, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 14, 2022

Before: Acosta, P.J., Kern, González, Shulman, JJ. 

Index No. 452192/20 Appeal No. 15726 Case No. 2021-03657 

[*1]The People of the State of New York, by Letitia James, Attorney General of the State of New York, Plaintiff-Respondent,
v
Sotheby's, Inc., Defendant-Appellant. The Chamber of Commerce of the United States of America, Amicus Curiae.

Kramer Levin Naftalis & Frankel LLP, New York (Darren A. LaVerne of counsel), for appellant.
Letitia James, Attorney General, New York (Ester Murdukhayeva of counsel), for respondent.
Dechert LLP, New York (Steven A. Engel of counsel), for amicus curiae.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about September 27, 2021, which denied defendant's motion to dismiss the complaint pursuant to CPLR 3211(a)(7), unanimously affirmed, without costs.
The complaint states a cause of action under the New York False Claims Act (State Finance Law §§ 187 et seq. [NYFCA]) (see State of New York ex rel. Seiden v Utica First Ins. Co., 96 AD3d 67, 71-72 [1st Dept 2012], lv denied 19 NY3d 810 [2012]). It alleges that, in 2010, an employee of defendant advised her client (identified in the complaint as the "Collector"), a foreign shipping executive, to submit a resale certificate to avoid paying New York sales tax on his upcoming purchase, although she knew his occupation and that he had no plans to resell the art. The employee, known as a key client manager (KCM), then not only provided the Collector with a resale certificate, but also partially filled it in on his behalf. Although the Collector sent the resale certificate back to the KCM with the "Purchaser Information" line blank, the resale certificate ultimately filed with defendant's Client Accounting department, which reviews and processes resale certificates, stated that the Collector was an art dealer and principally sold fine arts, both materially false statements. During the next five years, the Collector purchased $27 million in artwork from defendant, initially individually and later through a corporate entity, without paying sales tax, based on resale certificates filed with defendant's Client Accounting department. Those resale certificates, procured by the KCMs, stated that the Collector and his entity were in the business of selling fine art, although the KCMs were aware that that statement was false and that the Collector purchased the art for his own personal use. In 2018, the Attorney General's office settled with the Collector's entity for $10.75 million in taxes, penalties, and damages under the NYFCA.
These facts, if proven, would demonstrate that defendant had actual knowledge that the basis for the Collector's purported tax-exempt status under Tax Law § 1132(c)(i) was false (see People v Sprint Nextel Corp., 26 NY3d 98, 112 [2015], cert denied 578 US 1012 [2016]) and therefore that defendant violated its obligation to collect sales tax owed on the subject purchases (see Matter of American Cyanamid & Chem. Corp. v Joseph, 308 NY 259, 263 [1955]; Matter of Colgate-Palmolive-Peet Co. v Joseph, 308 NY 333, 339-340 [1955]).
The complaint further alleges that it was defendant's practice to isolate the Client Accounting department from employees on its sales teams and that there were no policies in place to govern communication between the two divisions, which permitted a fraudulent practice to continue without detection. These allegations, if proven, would demonstrate that defendant did not accept the resale certificates in good faith (see 20 NYCRR 532.4[b][2][i]). Contrary to defendant's contention that it cannot [*2]be held liable for the actions of a small number of employees, the facts alleged in the complaint reasonably permit the inference that the facilitation of knowingly false resale certificates by defendant's employees fell within the scope of their employment and was committed, at least in part, in furtherance of defendant's commission-based business (see generally VFP Invs. I LLC v Foot Locker, Inc., 147 AD3d 491, 491-492 [1st Dept 2017], lv denied 29 NY3d 910 [2017]).
In light of our determination, we need not address defendant's remaining arguments or those of amicus curiae, which raise public policy concerns not applicable to the facts of this case, given the allegation that defendant had actual knowledge that the resale certificates used by the Collector were false. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 14, 2022