Vincent A. Lttpia.no, J.
Petitioner seeks to review the determination of the respondent, State Rent Administrator, and for an order determining and directing decontrol of the premises.
In March of 1943, the building involved was rendered uninhabitable by fire. It was boarded up and remained vacant. On March 6, 1944 the then owners executed and delivered their deed to the property to the Lincoln Savings Bank of Brooklyn, in lieu of foreclosure. Thereafter, on July 9, 1944, said bank sold the premises “as is ” to the petitioner for $3,500. The premises continued untenanted and boarded up. On February 21, 1945 the Department of Housing and Buildings declared the premises to be an unsafe building and unfit for habitation. Petitioner then filed plans and specifications with the department for rehabilitation. The work was done at a total cost of $19,192.09 being completed on May 7, 1947. The department issued a certificate of occupancy on June 16, 1947.
*470 Coming now to May 23, 1956, we find that the Local Bent Administrator was presented with a claim of rent overcharge by one of the tenants in the building. To that claim petitioner interposed the objection that the premises were decontrolled, not subject to rent regulation. Being overruled, petitioner filed protest to respondent urging he was entitled to an order of decontrol by virtue of the listing of the building and its substantial renovation.
The issue is thus presented: Is the building decontrolled from the State Bent and Eviction Regulations? (Regulations, § 9, subds. 4, 5; State Residential Rent Law [L. 1950, ch. 250], § 2, subd. 2, par. [g].) Unfortunately for petitioner, while he has spent a large sum of money in renovation and rehabilitation of the premises, the holding of the respondent commission is sustained by our courts to the effect that renovation of an abandoned, boarded-up or deteriorated dwelling still retains its character as a dwelling and that it cannot be considered a change-over from a nonhousing to a housing use. Stated differently, the rehabilitation of the premises did not create any additional housing but merely restored it to habitable use (Matter of Fiesta Realty Corp. v. McGoldrick, 284 App. Div. 551, revd. on other grounds 308 N. Y. 869; Matter of De Rosa v. Weaver, 3 A D 2d 729; Matter of Paikoff v. McGoldrick, 280 App. Div. 996; Matter of Scott v. McGoldrick, N. Y. L. J., March 9, 1955, p. 8, col. 1; Matter of Zakheim v. McGoldrick, N. Y. L. J., March 14, 1955, p. 12, col. 7; Matter of Lewert v. McGoldrick, N. Y. L. J., Sept. 14, 1954, p. 11, col. 3; Matter of McClendon v. Abrams, N. Y. L. J., May 4, 1955, p. 11, col. 8). For further example, even where premises had been completely rebuilt at a cost of $30,000, the court in denying the claim of decontrol concluded that proof of restoration of boarded-up, abandoned or condemned buildings to the rental market does not constitute the creation' of additional housing accommodations or a change from a nonhousing use to a housing use (Matter of Alfano v. Weaver, N. Y. L. J., March 11, 1957, p. 7, col. 7; see, also, Matter of Hochman v. McGoldrick, N. Y. L. J., March 21, 1955, p. 11, col. 1).
There being sufficient evidence in the record to support the determination of respondent and, since it is neither arbitrary, capricious nor contrary to law, the application is denied and the petition is dismissed (Matter of Kaplan v. McGoldrick, 279 App. Div. 615; Matter of Grodofsky v. McGoldrick, 279 App. Div. 914, affd. 304 N. Y. 710; Matter of Mounting & Finishing Co. v. McGoldrick, 294 N. Y. 104).
Settle order, on or before July 8, 1957.