Walter B. Hart, J.
This is a proceeding to review the determination of respondent denying decontrol.
The landlords purchased the subject premises in 1953 at which time, they allege, the premises was a three-story and basement one-family house containing a kitchen, a large room and toilet in the basement, two rooms on the parlor floor, two rooms and bath on the second floor, and two rooms on the third floor. Thereafter the landlords caused alterations to be made which resulted in a complete apartment on the basement and parlor floors with private entrance, installed a private bathroom with tub, basin and toilet, and installed a combination sink and gas range in the kitchen. The entire unit consisted of four rooms and bath. On the second floor petitioners constructed a kitchen, out of a large room, with necessary partitions; reconstructed the bathroom to close the hall entrance thereto and made a new entrance inside the apartment, resulting in a self-contained unit of two rooms with complete bath and kitchen. The third floor was converted into a four-room self-contained apartment with complete kitchen and bath. Plans and specifications were filed for the alterations and the landlords claim the cost was upwards of $9,300.
The landlords obtained a certificate of occupancy for a Class A multiple dwelling for occupancy by three families and filed an application for an order of decontrol under section 11 of the State Bent and Eviction Begulations with respect to the second and third-floor apartments. The tenant of the second-floor apartment objected on the ground that the premises had been a three-family house and that the landlords had simply removed a violation with respect to the bathroom. The tenant set forth that his occupancy was from July 1, 1956 but that his brother had been an occupant of the apartment for about three years prior thereto, at which time there were three distinct kitchens and cooking facilities. The Local Bent Administrator denied the application on the ground that the evidence submitted failed to *521 indicate a structural change or creation of additional accommodations pursuant to section 11. The landlords filed a protest claiming structural changes involving substantial alterations or remodeling, resulting in additional housing accommodations consisting of self-contained family units.
In holding that there were no structural changes, the respondent did not reject petitioners’ claim that on the second floor petitioners constructed a kitchen out of a large room, with necessary partitions, and reconstructed the bathroom, closing the hall entrance thereto, and made a new entrance inside the apartment. Petitioners’ claim is supported by the plans filed with the building department, and upon the completion of the work outlined therein a certificate of occupancy was granted. Since there is no dispute as to the facts, the court holds as a matter of law that this work constituted a structural change in the space, involving a substantial alteration resulting in a self-contained unit.
What is a structural change may be open to some question, but it is significant to note that respondent’s form of application for decontrol requires, as one of the conditions to be met before such an order may be issued, that “ (b). The structural change involves substantial alterations or remodeling. (Maintenance, painting and decorating, or other minor repairs alone, are not sufficient.) ” This would seem to indicate that work other than the excluded items would be entitled to consideration as structural changes and weighed in determining substantial alterations or remodeling.
Though the space was illegally occupied theretofore, petitioners by performing all of the work in this one-family building to convert it into a legal three-family multiple dwelling have created an additional housing accommodation. The reasons for this conclusion are more fully developed by this court in Matter of Silberman v. Weaver (12 Misc 2d 895).
Accordingly, petitioners are entitled to the relief sought.
Submit order.