Walter R. Hart, J.
This is a proceeding to review the determination of respondent which denied an application to decontrol an apartment in what had formerly been a two-family house and which the petitioner contended had been converted into a three-family house at a cost to him of almost $3,000.
It is undisputed that at. the time the petitioner purchased the premises in December, 1955 the certificate issued by the Department of Buildings was for occupancy by not more than two families. At that time the attic, which consisted of two rooms, was occupied for sleeping purposes only by relatives of the previous owner. Immediately after taking title, the petitioner caused the occupants of the attic to be removed and thereupon converted the two rooms in the attic into a five-room apartment by the installation of a kitchen with cooking facilities, pipe lines, gas lines, water lines, waste lines, vents, cabinets, closets, refrigeration, the installation of new electric lines, gas and electric meters, new fire escape, new window, the installation of a new door and wall enclosing the public hall and foyer to afford private access, and the creation of a dinette adjoining the kitchen; all of which, as heretofore stated, involved an expenditure of approximately $3,000 and all of which was done pursuant to plans filed with the Department of Buildings. After the aforesaid work had been completed, the Building Department issued a certificate to the effect that the premises might legally be occupied by three families instead of two families as theretofore.
The local rent administrator denied the application for decontrol on the following grounds: (1) That there was a failure to establish “ a structural change ” and (2) the failure to prove the creation of “ additional housing accommodations ”. Upon protest to the State Administrator, the latter made no such finding as to a structural change but affirmed the determination of the local rent administrator upon the sole ground that the petitioner had not “ satisfied the requirement of section 11 of the Regulations in that he has not created an additional housing accommodation and self-contained family unit ”. Section 11 of the State Rent and Eviction Regulations requires the Rent Administrator to issue an order of decontrol where there has been (1) a structural change in a residential unit or units, (2) involving substantial alterations or remodeling, and (3) such change has resulted in additional housing accommodations consisting of self-contained family units.
I am of the opinion that the undisputed facts establish that all of these requirements have been met. The changes and alterations hereinbefore enumerated, made at an expense of *897 approximately $3,000, are structural and substantial, and the installation of the fire escape was necessitated by the fact that the premises were converted from a two-family house to a multiple dwelling. The argument that “ additional housing accommodations ” are not created in the case where premises which have been illegally occupied as a multiple dwelling are converted by substantial structural alterations and changes to legal occupancy, is not tenable and a holding to the contrary would discourage property owners from providing additional legal accommodations in premises which were illegally occupied by more families than the certificate of occupancy authorized.
The clear intent of the statute with relation to conversion of space was to give incentive to landlords to create additional legal housing accommodations. In my opinion, an accommodation illegally occupied which may he terminated at the behest of proper public officials, is not an available, existing housing accommodation. A tenant of space whose occupancy is illegal is not afforded protection by the rent laws from eviction. If instead of making the structural changes and substantial alterations the landlord evicted the tenant, so as to comply with his certificate of occupancy, and thereafter effectuated the changes so as to convert a two-family house into a legal multiple dwelling, can it be cogently .urged that no additional housing accommodation was created? In my opinion, the question answers itself in the negative.
Since all of the conditions precedent for decontrol, as required by section 11 of the State Bent and Eviction Begulations are here present, the determination of the respondent is annulled.
Settle order on notice.