Owen McGíivebn, J.
Application to annul order of State Rent Administrator is denied.
The order which is subject to review in this proceeding denies an application by petitioner, the landlord, for a decontrol of the entire premises in question, grants decontrol as to two apartments, and fixes the maximum rent for other apartments.
It is not disputed that there was a serious fire in 1950 which did considerable damage to the premises, rendering them untenantable, nor that the petitioner spent substantial sums in rehabilitating the premises. Section 2 (subd. 2, par. [g]) of the State Residential Rent Law (L. 1946, ch. 274, as amd. by L. 1950, ch. 250) exempts from rent control “housing accommodations which were completed on or after February first, nineteen hundred forty-seven ”. Subdivision 3 of section 9 of the State Rent and Eviction Regulations is to the same effect. It has been repeatedly held that rehabilitation of untenantable premises does not bring the premises within the foregoing exemption. (Matter of Salzano v. Weaver, 15 Misc 2d 469, and cases cited.) Accordingly, denial of complete decontrol was proper.
In the instant case, prior to the fire, there were in fact two apartments on the first floor; now there are the same number of apartments. Petitioner claims that before the fire and consequent reconstruction, one of the two first-floor apartments was unauthorized by the certificate of occupancy then in effect and therefore illegal, whereas now the current certificate of occupancy permits two apartments on the first floor. Section 2 (subd. 2, par. [g]) of the State Residential Rent Law (L. 1946, ch. 274, as amd. by L. 1951, ch. 443) authorizes the Temporary State Housing Rent Commission to decontrol ‘ ‘ housing accom *417 modations created as a result of any conversion * * * if there has been a structural change * * * and such change has resulted in additional housing accommodations consisting of self contained family units ”, Section 11 of the State Rent and Eviction Regulations contains the same provisions.
The question thus presented is whether the conversion from illegal to legal occupancy is the creation of ‘ ‘ additional housing accommodations ”, within the meaning of the statute and the regulations. No appellate adjudication on this problem has been cited to the court; decisions at Special Term are divided. In the following cases, all decided at Special Term, Kings County, it was held that conversion from illegal to legal occupancy was not the creation of additional accommodations (Matter of Butts v. McGoldrick, 15 Misc 2d 1004; Matter of Martin v. Weaver, 15 Misc 2d 984; Matter of Poris v. Weaver, 15 Misc 2d 984). The contrary was held by Mr. Justice Hart in four decisions appearing in the New York Law Journal (May 23, 1958, p. 11): Matter of Phillips v. Weaver (15 Misc 2d 518); Matter of McGoohan v. Weaver (15 Misc 2d 519); Matter of Straker v. Weaver (15 Misc 2d 519); and Matter of Silberman v. Weaver (12 Misc 2d 895).
The court agrees with the first group of cases. The test under the statute and the regulations is whether ‘ ‘ additional housing accommodations ” have been created. That occurs when there are more actual accommodations than there formerly were; not when there are merely more legal accommodations.
The purpose of the exemption was obviously to encourage the creation of more housing units. There are and have been many other sanctions for the removal of violations and other types of illegal occupancy. This exemption does not appear to have been intended as an additional sanction for curing illegalities and should not be so construed. Had the Legislature intended to exempt legalized accommodations, it could have so provided specifically.
The second floor formerly contained two four-room apartments, one in the front and one in the rear. The rear apartment was split into two two-room units which have been declared decontrolled by the order under review. Needless to say, petitioner does not object to that part of the order. The front apartment was somewhat enlarged at the expense of the public corridor, but is still only a single family unit. Petitioner contends that all three apartments on the third floor are newly created additional accommodations. Respondent’s determination that the front apartment is not an additional accommodation seems reasonable.
*418 Finally, petitioner objects to the rents fixed by respondent for the apartments which he refused to decontrol. In fixing the rents, respondent gave consideration to the improvements made in the premises. His action appears to have a reasonable basis, and therefore cannot be upset. (Matter of Friedman v. Weaver, 3 N Y 2d 123, 126 [1957].)
The petition is dismissed.