■ In the Matter of JOHN MINETT et al., Appellants, against HARRIS H. MURDOCK et al., Constituting the Board of Standards and Appeals of the City of New York, Respondents, and MICHAEL R. JORDAN, Intervenor-Respondent. — Proceeding to review a determination of the Board of Standards and Appeals of the City of New York which granted an application pursuant to subdivision (e) of section 7 of the Zoning Resolution of the City of New York for a variance to permit the erection and operation of a gasoline service station and accessory uses in a residence use district for a period of 15 years, subject to conditions and safeguards imposed by the board. The appeal is from an order granting motions to dismiss the petition. Order unanimously affirmed, without costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ.

■ In the Matter of RUTH PHILLIPS, Respondent, against ROBERT C. WEAVER, as State Rent Administrator, Appellant.— In a proceeding to review a determination of the State Rent Administrator fixing the maximum rent of a housing accommodation and denying decontrol, the appeal is from an order which on reargument (1) vacated the prior order dismissing the proceeding, (2) annulled the determination, and (3) directed the issuance of a decontrol order. Order modified by striking therefrom everything following the word "reargument" in the first ordering paragraph and by substituting therefor the words "the original decision is adhered to". As so modified, order unanimously affirmed, without costs. The record supports appellant's finding that the subject accommodation was occupied by a tenant, as a complete living unit, more than 10 years prior to an alteration, by the respondent in 1955, which converted the building into a legal three-family dwelling. Before the alteration, the occupancy of the subject accommodation was illegal. The accommodation was, nevertheless, subject to rent control (*Matter of Bosco* v. *Weaver*, 5 A D 2d 879). Conversion of an apartment from illegal to legal occupancy is not the creation of additional accommodations warranting decontrol pursuant to paragraph (g) of subdivision 2 of section 2 of the State Residential Rent Law (L. 1946, ch. 274, as amd.). (*Matter of Weyl* v. *Weaver*, 15 Misc 2d 415, and cases cited therein). It is not the purpose of the statute to permit decontrol where a landlord has merely corrected an existing violation of law. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.

■ In the Matter of CHARLES SMITH, an Infant, Appellant. NATHAN SMITH, Appellant; DOMESTIC RELATIONS COURT OF THE CITY OF NEW YORK, CHILDREN'S COURT DIVISION, QUEENS COUNTY, Respondent.— Appeal (1) from a judgment (designated in the notice of appeal as an order) of the Domestic Relations Court of the City of New York, Children's Court Division, Queens County, entered July 7, 1958 adjudging appellant Charles Smith to be a delinquent child and committing him to the New York State Training School for Boys, and (2) from an order of said court entered September 3, 1958 denying a motion to vacate the adjudication of delinquency and to dismiss the petition, or in the alternative for a rehearing. Judgment unanimously affirmed. No opinion. Appeal from order dismissed. The order is not final and is therefore not appealable (N. Y. City Dom. Rel. Ct. Act, § 58). The order insofar as it denied the motion for a new hearing has been reviewed on the appeal from the judgment (cf. Civ. Prac. Act, § 580). Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ.