Joseph F. Gagliardi, J.
This is a proceeding to review the determination of the Temporary State Housing Rent Commission that the premises known as 38 North Street in the City of Mount Vernon are subject to rent control. Decontrol was sought on the basis of a conversion of the premises from two-family occupancy to three-family and for which a certificate of occupancy issued on December 5, 1958, by the Building Department for the City of Mount Vernon. The commission also determined *52 that the maximum rent for the second-floor premises was $39.75 per month.
While both determinations were initially made by the Local Rent Administrator, petitioner protested only the order denying decontrol to the premises. Consequently, the only matter before the court is the question of whether control exists and not the additional question of the propriety of the exercise of the control by the Rent Commission (cf. Matter of De Rosa v. Weaver, 3 A D 2d 729; Matter of 180 East 79th St. v. Temporary State Housing Rent Comm., 18 Misc 2d 539, affd. 5 A D 2d 972, mot. for lv. to app. den. 5 A D 2d 989).
The record supports the Administrator’s finding that the physical conversion of the accommodations here, from two-family occupancy to three-family, occurred prior to 1945. While a certificate of occupancy would be necessary in order to utilize the premises following a physical change, and may be required by the Administrator prior to ordering a decontrol, the issuance of the certificate does not mandate a decontrol.
Section 11 of the State Rent and Eviction Regulations provides that: “ Any housing accommodations resulting from conversion of housing accommodations created on or after May 1, 1950 shall continue to be subject to rent control unless the Administrator issues an order decontrolling them which he shall do if there has been a structural change in a residential unit or units involving substantial alterations or remodeling; and such change has resulted in additional housing accommodations consisting of self-contained family units * * *. Such order shall be effective as of the date of the completion of such conversion. ’ ’
It is evident that the accommodations in question here were created, and were thus in existence, prior to May 1, 1950. The statute was designed to encourage creation of new housing accommodations after this time with decontrol as the incentive. Legalization of an existing unit does not amount to a creation of an additional housing accommodation within the meaning of this regulation (cf. Matter of Straker v. Weaver, 9 A D 2d 695; Matter of Phillips v. Weaver, 7 A D 2d 927; Matter of Weyl v. Weaver, 15 Misc 2d 415; Matter of Poris v. Weaver, 15 Misc 2d 984).
Accordingly, the petition is denied and the proceeding dismissed, without costs.