In the Matter of MOUNTING & FINISHING COMPANY, INC., Appellant, against JOSEPH D. McGOLDRICK, as Comptroller of the City of New York, Respondent.

Argued January 3, 1945; decided March 8, 1945.

*Samuel B. Stewart, Jr.,* and *Louis A. Perkins* for appellant. I. Petitioner did not consume the materials purchased by the transactions taxed. It resold such materials to its customers

in the form of tangible personal property. Petitioner's original purchase of such materials therefore was not taxable. (*American Molasses Co.* v. *McGoldrick*, 281 N. Y. 269; *Sterling Bag Company, Inc.,* v. *City of New York*, 281 N. Y. 269; *Matter of Wood Packing Box Co.* v. *McGoldrick*, 286 N. Y. 665; *People ex rel. Walker Engraving Corp.* v. *Graves*, 243 App. Div. 652; *Western Leather & Finding Co.* v. *State Tax Comm. of Utah*, 87 Utah 227; *The Bradley Supply Company* v. *Ames*, 359 Ill. 162; *Revzan* v. *Nudelman*, 370 Ill. 180; *The C. & E. Marshall Company* v. *Ames*, 373 Ill. 381; *Berry-Kofron Dental Laboratory Company* v. *Smith*, 345 Mo. 922.) II. The taxing authority is presumed not to have intended double or duplicate taxation. (*Matter of Barbour*, 185 App. Div. 445, 226 N. Y. 639; *Socony Vacuum Oil Co.* v. *City of New York*, 247 App. Div. 163, 272 N. Y. 668.) III. The order appealed from is discriminatory and denies the petitioner the equal protection of the laws and therefore violates the fourteenth Amendment to the Constitution of the United States and section 11 of article I, of the Constitution of the State of New York. (*Stewart Dry Goods Co.* v. *Lewis*, 294 U. S. 550; *Giozza* v. *Tiernan*, 148 U. S. 657; *Bell's Gap R. Co.* v. *Pennsylvania*, 134 U. S. 232; *City of Danville* v. *Quaker Maid, Inc.,* 211 Ky. 677.)

*Ignatius M. Wilkinson, Corporation Counsel* (*Murray M. Weinstein, Arthur H. Goldberg* and *Edmund B. Hennefeld* of counsel), for respondent. Petitioner's operations of taking lithographs of national advertisers, mounting them on cardboard, die-cutting, assembling and finishing them to form completed displays in accordance with instructions received from the advertisers, constitute rendition of services rather than "reselling" of the cardboard, glue and other processing materials. Hence, petitioner is subject to the sales tax on its purchase of those materials as being for a purpose "other than for resale". (*Matter of Mendoza F. D. Works* v. *Taylor*, 272 N. Y. 275; *People ex rel. Walker Engraving Corp.* v. *Graves*, 268 N. Y. 648; *People ex rel. Foremost Studio, Inc.,* v. *Graves*, 246 App. Div. 130; *Howitt* v. *Street & Smith Publications, Inc.,* 276 N. Y. 345; *Dept. of Treasury* v. *Mfg. Co.,* 114 F. 2d 889, 313 U. S. 252; *Sattler* v. *Hallock*, 160 N. Y. 291; *Utah Concrete Products Corp.* v. *State Tax Comm.,* 101 Utah 513; *Svithiod*

*Singing Club* v. *McKibbin*, 381 Ill. 194; *Herlihy Mid-Continent Co.* v. *Nudelman*, 367 Ill. 600; *Material Service Corp.* v. *McKibbin*, 380 Ill. 226; *Mahon* v. *Nudelman*, 377 Ill. 331.)

DESMOND, J.   This proceeding is brought by petitioner to review a determination by the Comptroller of the City of New York that certain sales to petitioner are subject to the New York City sales tax (Administrative Code, § N 41–1.0 *et seq.*). Generally, petitioner, as it states in its brief to this court, "manufactures and sells advertising displays to national advertisers and others." The materials purchased by petitioner and taxed by the Comptroller are cardboard, paper, glue, wood, fibre board, etc., used by petitioner in building up, manufacturing or assembling the completed display pieces delivered by it to its customers. As to most of the displays, a principal or important feature of the finished product is a lithographed or printed picture or design which petitioner receives from its customer and incorporates into the end product which it delivers to the customer, for a price. The paper, wood and glue, etc., while necessary components of the final product, and despite the fact that they do not completely lose their identity in the process, are certainly not sold as paper, wood or glue to the national advertiser. Surely a reasonable mind could conclude that their use was accessorial, just as the furnishing of a frame is accessorial to the framing of a photograph or painting. The Comptroller could with reason decide that the fundamental character of petitioner's occupation is, as its corporate name suggests, the "mounting and finishing" of the lithographs or prints sent to it by the advertisers and returned to them by petitioner, in embellished, elaborated form, and so set up as to be immediately usable on counters or in windows, etc. Petitioner, however, insists that the sales to it are specifically exempted from the tax by the statute itself which imposes the levy only on sales "other than for resale in the form of tangible personal property" (Administrative Code, § N 41–1.0). No purpose would be served by entering into a precise description of each of the numerous separate display pieces fabricated by petitioner for its several customers. They range in complexity and importance from the simplest item, where petitioner merely pastes a lithographed sheet onto a cardboard back,

to an elaborate replica of the Eiffel tower, in several planes, and complete with an electric sign which flashes on and off. In some instances the lithographed picture furnished by the customer is the central and important feature of the final assembly — in others the customer's contribution is only a small medallion or insignia, or some cut-out lettering. In view of the conflicting contentions of the parties, it was for the Comptroller, at least initially, to decide whether petitioner was buying the paper, wood, glue, etc., for " resale " or was buying those articles in connection with a basic occupation of " rendering skilled services and performing labor upon the property of others " (*Matter of Mendoza F. D. Works* v. *Taylor*, 272 N. Y. 275, 279). The statutory language " for resale " is rather broad and inconclusive. Of course, statutory construction is the function of the courts " but where the question is one of specific application of a broad statutory term in a proceeding in which the agency administering the statute must determine it initially, the reviewing court's function is limited " (*Board* v. *Hearst Publications,* 322 U. S. 111, 131). The administrative determination is to be accepted by the courts " if it has ' warrant in the record ' and a reasonable basis in law " (same citation.) " The judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body " (*Rochester Tel. Corp.* v. *U. S.,* 307 U. S. 125, 146). We have no difficulty in discovering a factual basis for the Comptroller's conclusion that petitioner was not buying the paper, wood, etc., " for resale ". Nor does such a conclusion lack reasonable support in law. In *Matter of Mendoza (supra)*, this court held that a sale to a fur dyer of the dye-stuffs he used in coloring skins owned by others was not " a sale for resale ". In *Dept. of Treasury* v. *Mfg. Co.* (313 U. S. 252), the Supreme Court held that the Ingram-Richardson Company's business of enameling metal parts for its customers was essentially a " service " not a sale of the enamel. These transactions of petitioner with the advertisers may properly be regarded as the furnishing by the latter to the former of materials (the lithographs, insignia, lettering, etc.) to be manufactured into articles of other forms and appearances, with petitioner furnishing services and necessary incidental materials. Such a transaction is a bailment, not a sale. (*Mack et al.* v. *Snell,* 140 N. Y. 193; *Foster* against *Pettibone,* 7 N. Y. 433.) Thus, the Comp-

troller's determination in the present case does not conflict with the Personal Property Law (§ 82, subd. 2) definition of " a sale of goods " as " an agreement whereby the seller transfers the property in goods to the buyer for a consideration called the price."

One other matter should be noticed. Some of petitioner's products were sent out to its customers in wooden or cardboard cartons. Apparently some of these cartons were made or fabricated by petitioner — others it purchased. Petitioner argues that these containers, or the materials from which they were made, were exempt from the tax under *American Molasses Co.* v. *McGoldrick* (281 N. Y. 269); and *Matter of Wood Packing Box Co.* v. *McGoldrick* (286 N. Y. 665). Petitioner, however, has not gone forward with any sufficient proof as to the number or origin of these containers, nor as to the arrangement or arrangements under which they were passed on to the advertisers, nor has it been made to appear in this record whether or not those cartons were such as could be used by others than the advertisers to whom they were sent. The burden of establishing nontaxability is, by this statute, specifically placed on the vendor or purchaser questioning the tax. (Administrative Code, § N 41–2.0.) The burden has not been met here, as to these containers.

The order should be affirmed.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY and DYE, JJ., concur; THACHER, J., dissents.

Order affirmed.