Per Curiam.

This is an appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board, which reversed the decision of an Unemployment Insurance Referee sustaining an initial determination made by the Industrial Commissioner denying the application of the employer, Federal Telephone & Radio Corp., hereinafter referred to as Federal, to transfer to Federal Telecommunication Laboratories, Inc., hereinafter referred to as Laboratories, the contribution rate credit for the year 1945, granted to such employer under the Unemployment Insurance Law.
Federal was engaged in the manufacture of radio and telephone parts and operated a laboratory and a patent division in connection therewith. On July 31, 1945, Federal transferred to Laboratories all of the assets used in connection with its laboratory division and retained the assets used in connection with its patent division. The assets transferred were valued at nearly two and one-half million dollars. Those retained were valued at ten thousand dollars. After the transfer Federal continued to operate its patent division and use the assets retained. Laboratories was a wholly owned subsidiary of Federal.
Federal received a contribution rate credit, pursuant to section 577 of the Unemployment Insurance Law (Labor Law, art. 18), for the year 1945, in the amount of $23,156.23. It is this credit that Federal seeks to have transferred to Laboratories.
At the time this case arose paragraph (d) [now paragraph (e)] of subdivision 1 of section 577 of the Unemployment Insurance Law, which defined a qualified employer, contained this provision: “If an employer has acquired all or substantially all the assets of another employer and such other employer has discontinued operations upon such acquisition, the period of liability of both employers during such period shall be jointly considered for all purposes of this section.” (As added by L. 1945, eh. 646.)
Subdivision 4 of the same section provided, in part, as follows: “ No credit shall be transí err able by any employer to his successor or anyone else except in accordance with such rules as the commissioner may prescribe.”
The same law in section 530 provided that the commissioner, for the purposes of administering the law, should have the power *193 to make all rules and regulations necessary for such administration.
Rule 3 adopted by the commissioner provided in substance (N. Y. Official Compilation of Codes, Rules & Regulations [1948 Supp.], p. 988; Div. of Placement & Unemployment Ins.): That a credit to which an employer is entitled may be acquired by another employer if the acquiring employer has acquired all or substantially all of the assets of the transferring employer and the transferring employer discontinues operation not later than the date of such acquisition.
Reading all of the provisions of the statute together and considering them as a whole, it seems very clear that the Legislature did not intend to authorize the transfer of credits allowed to a qualified employer to anyone except to his successor in business who had acquired all or substantially all of his assets, and then only if the qualified employer had ceased all business operations.
The credit allowed was not an absolute grant of the sum specified, but only a right to offset against future payments by the employer of an amount not in excess of such credit. The purpose of the credit was to reward an employer with a good record for steady employment by giving him a specific limited reduction on subsequent payments. The Legislature apparently felt that where such an employer transferred his business to a new owner and ceased all operations, that 'the business in the hands of the new owner should be entitled to retain the benefits earned by the past good record.
To permit the free and unrestricted transfer of credit to persons unrelated to the business in which the credit was earned would permit employers whose poor record for steady employment denied them the benefit of any credit in the first instance to acquire by gift or purchase benefits which it was not the purpose of the statute to confer.
,The rule promulgated by the commissioner, and involved here, is in conformity with the purpose and intent of the statute. It neither modifies nor extends the provisions of the law and its application was within the powers conferred upon the commissioner. (Matter of Mounting & Finishing Co. v. McGoldrick, 294 N. Y. 104; Red Hook Cold Storage Co. v. Department of Labor, 295 N. Y. 1.)
There is much force to the contention that Federal transferred substantially all of its assets to Laboratories, but there is no doubt that it failed to discontinue business operations. Thus it failed to comply with at least one condition necessary to permit the transfer of its rate credit.
*194 The decision of the Unemployment Insurance Appeal Board should he reversed and the initial determination of the Industrial Commissioner confirmed.