In the Matter of the Claim of NICHOLAS RUSSOMANNO, Respondent, against LEON DECORATING Co., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, May 13, 1953.

*Bernard Katzen, George J. Hayes* and *Victor Fiddler* for appellants.

*Nathaniel L. Goldstein, Attorney-General* (*John J. Quinn* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*Victor Livornese* for claimant-respondent.

COON, J. This case involves only a construction of section 203 of the Workmen's Compensation Law, and particularly the first sentence thereof, which reads: "Employees in employment of a covered employer for four or more consecutive weeks shall be eligible for disability benefits as provided in section two hundred four." There is no factual dispute.

Claimant is a painter who followed the usual and customary practice in his locality of seeking work through his union, which

acted as an employment agency. The union assigned him to various jobs, some of short duration, some longer. While claimant was available for employment in his regular trade, it so happened that the union assigned him to various jobs with four separate covered employers between August 15, 1950, and October 23, 1950. On the latter date he became disabled while in the employ of a covered employer. In the interval, however, there were periods of nonemployment of more than one week because he was not assigned to a job through no fault of his own.

The board has found that claimant was eligible for disability benefits, and the appellants contend that he was not because he was not " in employment of a covered employer for four or more consecutive weeks ". Strictly and literally, claimant was not actually working for a covered employer for " four * * * consecutive weeks " prior to his disablement, but we think he was " in employment " by being available for actual work in accordance with the custom and practice of his trade. It does not seem that the Legislature could have intended, by a law designed to benefit disabled workmen, to have excluded from such benefits this workman whose work is somewhat intermittent because of weather, or because for other reasons, he was not assigned to a job for a period of a few days. To construe it otherwise would limit the benefits of the statute to inside workers engaged continuously by the same employer and who do not depend upon assignments to jobs with different employers. A logical and liberal construction of the statute would indicate that claimant was " in employment " when he was ready and willing to work, but due to the nature of his work and the accepted practice of assigning jobs, he was unable to do so.

This view has been adopted by the Chairman of the Workmen's Compensation Board in the promulgation of subdivision (b) of rule 52, which provides that an employee is eligible for benefits when " In employment during the work period usual to and available during such four consecutive weeks in any trade or business in which he is regularly employed and in which hiring from day to day of such employees is the usual employment practice ". The chairman is authorized by sections 117, 141 and 241 of the Workmen's Compensation Law to promulgate such regulations to clarify the intent of the statute. Such an administrative interpretation of statutory language is entitled to important consideration by the courts. (*Matter of Mounting & Finishing Co.* v. *McGoldrick*, 294 N. Y. 104.)

The award should be affirmed, with costs to the Workmen's Compensation Board.

FOSTER, P. J. (dissenting). That part of the statute under which the award was made seems reasonably clear to me. " Employees in employment of a covered employer for four or more consecutive weeks shall be eligible for disability benefits as provided in section two hundred four." (Workmen's Compensation Law, § 203.) I am unable to see any justification for tinkering with this clear language by the board, or anyone else except the Legislature.

Concededly claimant was not in " employment " with a " covered employer " for "four or more consecutive weeks ", as those terms are commonly understood, or as indicated by the statute. If accuracy is of any moment in a controversy of this character claimant's status was clearly that of an intermittent worker. The fact that he was willing to work but depended for assignments upon his labor union in no way changed the intermittent character of his employment. Had he been a nonunion painter with the same labor record, the mere fact that he was willing to work steadily for four consecutive weeks would not have sufficed to bring him within that part of the statute quoted. It is difficult to believe that the Legislature intended the statute to mean one thing for union painters and something else for nonunion painters; or to empower the board to promulgate a rule which has that effect.

It must be assumed that the Legislature had full knowledge that many workers are engaged in casual or intermittent employment. Casual labor is barred entirely from the benefits of the act (§ 201, subd. 6). Coverage for intermittent labor is limited to those who have four or more consecutive weeks of employment. Whether this scheme is good, bad or indifferent, is not for us to say. However, if it is bad then let the Legislature correct it.

I find nothing in sections 117, 141 and 241 of the Workmen's Compensation Law which empowers the board to make regulations inconsistent with the language of the statute. Undoubtedly the board has power to make rules for the purpose of implementing the statute but they must be consistent therewith and not in conflict with express statutory language.

BERGAN and HALPERN, JJ., concur with COON, J.; FOSTER, P. J., dissents in a memorandum, in which IMRIE, J., concurs.

Award affirmed, with costs to the Workmen's Compensation Board.