■ In the Matter of GEORGE BRENNAN et al., Petitioners, against CARL J. RUBINO et al., Constituting the Waterfront Commission of New York Harbor, Respondents.— This proceeding to review a determination of the Waterfront Commission of New York Harbor has been transferred to this court for disposition (Civ. Prac. Act, § 1296). The determination found petitioners guilty of specified charges and directed that their applications for inclusion in the Longshoremen's Register as checkers be denied, that their temporary registration as such checkers be revoked, and further directed that they be permanently removed from the Longshoremen's Register, with leave to reapply immediately for registration as longshoremen. Determination modified by adding to the first and second ordering paragraphs thereof a provision granting petitioners leave to reapply for inclusion in the Longshoremen's Register

as checkers. As so modified, determination confirmed, without costs. While a reasonable basis exists for the respondents' determination (*Matter of Mounting & Finishing Co.* v. *McGoldrick*, 294 N. Y. 104, 108), under the statutory power now vested in this court (Civ. Prac. Act, § 1296, subd. 5-a), notwithstanding the propriety of the findings as to petitioners' derelictions, it is our opinion that so much of the determination as precludes petitioners forever from seeking inclusion in the Longshoremen's Register as checkers is excessive punishment tantamount to an abuse of discretion (*Matter of Rodriguez* v. *Rohan*, 3 A D 2d 648; *Matter of Tripple Inn* v. *Kennedy*, 3 A D 2d 907; *Matter of Faulisi* v. *Board of Police Comrs. of City of Corning*, 1 A D 2d 763). This conclusion seems peculiarly applicable in the proceeding at bar by reason of the fact that petitioners were persons of previously blameless record, both in their work on the docks and in their private and public careers (cf. *Matter of Friedman* v. *O'Connell*, 5 A D 2d 858; *Matter of Nimelman* v. *Kross*, 5 A D 2d 984; *Matter of Stanwood United* v. *O'Connell*, 283 App. Div. 79, 81). We recognize that respondents' authority on the waterfront must be upheld against those who deny the processes of law and order. However, to bar petitioners as checkers for life from the docks, upon findings of guilt for first offenses, does not seem fair and just under the circumstances of this proceeding. Ughetta, Hallinan and Kleinfeld, JJ., concur; Beldock, Acting P. J., and Murphy, J., dissent and vote to confirm the determination without modification, with the following memorandum: The Waterfront Commission has determined on the basis of the facts adduced during hearings which lasted eight days, the record of which includes 1,400 pages and 42 exhibits, that the four petitioners, who are brothers, were guilty of the charges made against them and that their presence on the piers and waterfront terminals of New York harbor constitutes a danger to the public peace and safety. The petitioners were charged with combining with each other through force, threats and intimidation to prevent persons on pier 4 in Brooklyn from doing work which they had a lawful right to do, in that three of the petitioners prevented a hiring agent from performing his duties by intimidation and force, that three of the petitioners prevented a receiving clerk from performing his duties by punching and kicking him, that two of the petitioners prevented another receiving clerk from performing his duties by threatening him with force, and that all the petitioners had coerced their employer into appointing one of their number as an additional dock boss by means of work stoppage of checkers and clerks. We agree with the majority in their affirmance of the finding of guilt, but respectfully disagree as to the modification of punishment. While the majority decision states that the commission was correct in finding petitioners guilty as charged, they have concluded that the punishment prescribed was excessive. The commission did not foreclose petitioners from making a living on the waterfront; what it did do was to prevent them from continuing as checkers. The determination specifically provided that the four petitioners may apply for licenses as longshoremen, which we presume will be granted by the commission if warranted. The conduct of petitioners was deliberate, willful and dangerous, and the majority, as well as we, so find. The punishment prescribed by the commission is commensurate with the offenses committed, and this court should not substitute its judgment of the punishment for that of the Waterfront Commission, which has the monumental task of enforcing law and order in an area where enforcement is so vital and difficult. There was nothing arbitrary, capricious or excessive in the commission's imposition of punishment, and it should be upheld in that determination.