Harold Tessler, J.
By petition pursuant to article 78 of the Civil Practice Act, the landlord seeks a review of the respondent’s denial of the landlord’s application for a certificate of eviction.
On September 1, 1961, the Local Bent Administrator denied the landlord’s application which sought to recover possession of the tenant’s apartment, located in a six-family house and known as Apartment No. 1, consisting of five rooms on the ground floor right, of premises 32-60 48th Street, Astoria, Queens County. The landlord’s protest was denied by the respondent State Bent Administrator, by order and opinion dated January 11,1962.
The landlord sought this eviction pursuant to subdivision 1 of section 55 of the State Bent and Eviction Regulations, claiming an immediate and compelling necessity for the subject accommodations for the use and occupancy of her aged mother and father. In support of her claims, the landlord alleged and offered uncontroverted proof before the Local Bent Administrator, that her parents presently resided in one ground floor room in a four-story, walk-up rooming house; that her father slept in a bed and her mother slept on a couch; that the room is crowded with other furniture and household effects and that the cooking is done in that same room; that they had to share with two other families a toilet in the public hall of the rooming house and that at various times they were compelled to go upstairs to use the toilet facilities on the upper floors; that her father’s eyesight was very poor and that in December, 1960, and March, 1961 he underwent surgery on his left and right eyes for removal of cataracts; that both parents required medical care and attention; that the father walks with a cane; that the mother’s eyesight is poor and that she is suffering from a heart condition, varicose veins, and nervous- weakness; -that she is under the doctor’s care and needs constant attention; that they live amidst constant noise, .filth and quarrels with the other rooming house tenants (the parents own the building); that they *668 previously had removed from this rooming house and lived in a four-room apartment at premises 321 W. 25th Street, Manhattan, but this relief was short-lived in view of the fact that those premises were condemned for urban renewal and the parents had to move back to the one room which they now occupy.
The tenant objects to the eviction on the ground that the landlord had an apartment vacant and available for her parents in June, 1959, but instead rented it to a new tenant and that another apartment was vacant in 1958, which was not given to the parents, but was rented to a new tenant. The tenant capsules her objections as follows: “Both of these apartments were decontrolled and they rented them for a high rent. If her father had an eye operation for cataracts in 1960, his eyesight must have been worse before the operation so Avhy didn’t she give him the apartment then? [sic] Instead she wants my apartment because of the low rent.”
The Administrator’s denial of the certificate is based upon the finding as quoted from the order and opinion dated January 11, 1962: ‘1 While the landlord contends her mother has a heart condition and should not be alone, the Administrator notes that her mother’s grandson resides in the same building with the landlord’s mother and takes his meals with her. * * * Further, the landlord does not dispute that in 1959 she vacated a ground floor apartment and rented it out. Under those circumstances, the landlord has failed to sustain her contention that the subject apartment would be used and occupied by her parents. On the basis of the entire evidence of record, including the report of conference, the Administrator finds that the issuance of a certificate of eviction Avould be inconsistent with the purposes of the Act or these Regulations and Avould be likely to result in a circumvention or evasion thereof.” The present stay of the landlord’s father in Greece is of no substance in the considerations herein.
While it is basic that the courts cannot and Avill not interfere Avith the reasonable and proper esercise of discretion by administrative officers (Matter of First Terrace Gardens v. McGoldrick, 1 N Y 2d 1), it is equally true and fundamental that there must be facts and evidence in the record to form a basis for the Administrator’s determination. (Matter of Mounting & Finishing Co. v. McGoldrick, 294 N. Y. 104; Matter of Realty Agency v. Weaver, 7 N Y 2d 249, revg. 8 A D 2d 773,) We find a most enlightening statement by the late Mr. Justice Shiewtag concerning the court’s function in his discussion of the poAver of review by the courts in Matter of Reynolds v. Triborough Bridge & Tunnel Auth. (276 App. Div. 388, 393): “In revieAving admin *669 istrative determinations, a court must consider on the one hand that such determinations may not be disturbed where there is substantial evidence to support them — evidence sufficient to satisfy a reasonable man, and on the other hand a reviewing court must also consider that insufficiency of evidence is, in the eyes of the law, no evidence — certainly no evidence of any substantial character (Matter of Case, 214 N. Y. 199; Matter of Stork Restaurant v. Boland, 282 N. Y. 256, 273-274). A reviewing court has more than a passive, acquiescent function to perform when it passes upon the determinations of administrative agencies; it has a real judicial function to exercise where it reviews the sufficiency and the substantiality of the evidence upon which those agencies have acted.”
In the Stork Restaurant case, cited above, we find a crystallization of the “ substantial evidence” rule as follows (pp. 273-274): “A finding is supported by the evidence only when the evidence is so substantial that from it an inference of the existence of the fact found may be drawn reasonably. A mere scintilla of evidence sufficient to justify a suspicion is not sufficient to support a finding upon which legal rights and obligations are based. That requires ‘ such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. ’ (Consolidated Edison Co. v. National Labor Relations Board, 305 U. S. 197, 229.) ”
The determination of the respondent is not supported by the record. In the court’s opinion, there is an utter lack of facts and proof of any substantial nature to support the respondent’s findings. From a thorough reading of the entire record herein, the conclusion is inevitable that the respondent has substituted conjecture, speculation and suspicion for evidentiary data and proof. There is nothing in the record by way of so much as an offering of proof, no less evidentiary data, to support the Administrator’s determination that the landlord does not have an immediate and compelling necessity for the subject accommodations, It is obvious, and the respondent so states, that the Administrator’s determination is based upon the availability in 1958 and 1959 — two and three years before this petition was filed — of an apartment for the petitioner’s parents. The Administrator concluded that simply because an apartment was available in each of these years and was rented to others “ the landlord has failed to sustain her contention that the subject apartment would be used and occupied by her parents.” This conclusion ignores the true meaning and intent of the statute’s requirements of “immediate and compelling necessity ” and “good faith”. As stated in Matter of Rosenbluth v. Finkel *670 stein (300 N. Y. 402, 405): “ The words mean precisely what they say, and the Commission may not under the ' guise of administering the statute ascribe a different or unreasonable meaning to those words. The landlord complies with the statute ’s demands if he seeks the eviction with the honest intention and desire to gain possession of the premises for his own use.”
This naked conclusion of the respondent, unsupported by evidence of any kind, ignores the uncontradicted proof and testimony offered by the petitioner, her parents and the doctor establishing the poor living conditions and poor health of the petitioner’s parents. To compel the petitioner’s parents to live out their declining years in filth and noise and without private and adequate toilet and bath facilities, in the absence of substantial proof, would indeed be a miscarriage of justice. I believe it to be an abuse of power to ignore all of the uncontradicted evidence, as set forth in the record before me, in favor of a determination based on nothing more than speculation and suspicion.
The cases cited by the respondent to support his determination are neither in point nor Deferrable to the instant case and its facts and circumstances.
The court finds that the determination made by the respondent was arbitrary and capricious. Accordingly, the application is granted and the determination of the Bent Administrator is annulled and he is directed to issue a certificate of eviction as prayed for in the petition.