■    In the Matter of PAUL SILVERSTEIN, Respondent-Appellant, v. ROBERT E. HERMAN, as State Rent Administrator, Appellant-Respondent.— In a proceeding under article 78 of the Civil Practice Act, by the tenant of an apartment in the "D" line of residential premises, in which the petitioner sought, *inter alia,* to annul as inequitable a determination of the respondent State Rent Administrator, dated August 4, 1961, insofar as it allocated to petitioner's apartment a monthly rent increase of $6.72 out of a total "fair return" award to the landlord of $3,143.44 per annum (State Rent and Eviction Regulations, § 33, subd. 5), the State Rent Administrator and the petitioner cross-appeal as follows from an order of the Supreme Court, Kings County, dated March 16, 1962, which on reargument: (a) granted petitioner's application to the extent of directing that "the disparity of rents between petitioner's apartment and the other apartments in the 'D' line be reduced to a more equitable ratio"; and (b) remitted the matter to the State Rent Administrator "for further adjustment" in accordance with the court's prior memoranda of January 16, 1962 and March 14, 1962: (1) the State Rent Administrator appeals, as limited by his brief, from the whole of said order except the provision granting reargument. (2) the petitioner appeals, as limited by his brief, from said order insofar: (a) as it failed to vacate the Rent Administrator's determination or finding that a bona fide sale of the subject property had occurred; and (b) as it failed to direct the Administrator to recompute the annual net return of the subject property on the basis of the real estate taxes actually paid in the test year (1959) instead of on the basis of the current tax year (1960–1961). On the petitioner's appeal: order, insofar as appealed from, affirmed, without costs. On the Administrator's appeal: order, insofar as appealed from, reversed on the law and the facts, without costs, and proceeding dismissed, without costs. Findings of fact contained or implicit in the decisions at Special Term which may be inconsistent herewith are reversed, and new findings are made as indicated herein. In our opinion, the formula employed by the State Rent Administrator to apportion equitably the fair return increase granted to the landlord is not arbitrary or capricious; and the court may not substitute its judgment of the proper formula for that of the Administrator (*Matter of Mounting & Finishing Co.* v. *McGoldrick,* 294 N. Y. 104). Under all the circumstances here presented, the formula is equitable insofar as it allocates a present increase of $6.72 a month to petitioner's apartment. It is also our opinion: (a) that the sale of the property here was bona fide, even though the sale was accomplished by a transfer of all the outstanding stock of the owner corporation (*J. I. Kislak, Inc.,* v. *Carol Management Corp.,* 7 A D 2d 428, appeal dismissed 7 N Y 2d 719; and (b) that it was proper to compute the operating expenses on the basis of the real estate taxes currently in effect at the time the "fair return" application was processed, rather than on the basis of the taxes actually paid during the test year (*Matter of Hopewell Props.* v. *Weaver,* 10 A D 2d 714). Beldock, P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.