In the Matter of TEN WEST 28TH STREET REALTY CORP., Petitioner, *v.* CHARLES G. MOERDLER, as Commissioner of the Department of Housing and Buildings, Respondent.

Supreme Court, Special Term, New York County, November 17, 1966.

*McLaughlin, Fougner & Messing* (*Osborne A. McKegney* and *Robert S. Fougner* of counsel), for petitioner. *J. Lee Rankin, Corporation Counsel* (*Lloyd A. Deutsch* and *Jerome Campbell* of counsel), for respondent.

GEORGE POSTEL, J. This is an article 78 CPLR proceeding, pursuant to section 302-a of the Multiple Dwelling Law reviewing the validity of certain orders promulgated by the respondent Commissioner of Housing and Buildings of the City of New York, Charles G. Moerdler, and for judgment vacating and annulling said orders as arbitrary, capricious, and contrary to law.

Respondent Commissioner was empowered to promulgate a list classifying certain violations of the Multiple Dwelling Law, Multiple Dwelling Code (Administrative Code of City of New

York, § D26–1.0 *et seq.*), and the New York City Health Code as "rent impairing". (Multiple Dwelling Law, § 302-a, subd. 2, par. b.) A "rent impairing" violation is defined as "a condition in a multiple dwelling which, in the opinion of the department, constitutes, or if not promptly corrected, will constitute, a fire hazard or a serious threat to the life, health or safety of occupants thereof." (Multiple Dwelling Law, § 302-a, subd. 2, par. a.) Subdivision 3 of the statute sets forth the consequences for failure to correct a "rent impairing" violation. Upon notice of a "rent impairing" violation, an owner is given six months to remedy the condition. Thereafter, if the owner fails to make the necessary repairs or corrections, the tenant is empowered to interpose such noncompliance as a defense to a nonpayment proceeding, after depositing the rent due with the court. The owner will be deprived of the rents if it is found upon the trial that the condition has, in fact, gone unremedied. If it is found, however, that the tenant prevented the repairs or that the condition was caused by the tenant, his family, guests or invitees, the owner shall not be deprived of the rents (Multiple Dwelling Law, § 302-a, subd. 3).

The respondent promulgated a list of 57 "rent impairing" violations. Petitioner challenges the validity of 25 of the listed violations as arbitrary and capricious. Petitioner also challenges the constitutionality of the statute, urging that the sanctioned withholding of rents by tenants while they enjoy the use of the property is a denial of property without due process of law.

The statute is a constitutional exercise of the State's police powers. It was presented to the Legislature as a "new means to induce or compel owners of multiple dwellings to maintain and repair their properties" (N. Y. State Legis. Annual, 1965, p. 349). It is unnecessary for this court to detail the woeful housing conditions in New York City. This statute is but one of the means the Legislature has made available to ensure the maintenance of decent housing (see, also, Social Welfare Law, § 143-b; Multiple Dwelling Law, § 309). It is "fundamental that the state may establish regulations reasonably necessary to secure the general welfare of the community by the exercise of its police power although the rights of private property are thereby curtailed" (*People ex rel. Durham Realty Corp.* v. *La Fetra*, 230 N. Y. 429, 442). In order to promote the public interest in the maintenance of safe and sanitary housing accommodations, the Legislature, under present conditions, was warranted in exercising its police powers here (see *Matter of Department of Bldgs. of City of New York*, 14 N Y 2d 291). The

legislation here is addressed to a legitimate end and the measures taken are reasonable and appropriate to secure that end. The statute may not be stricken as unconstitutional (see *Home Bldg. & Loan Assn.* v. *Blaisdell,* 290 U. S. 398).

The Commissioner's determination was made after public hearings prescribed by the statute. His affidavit in this proceeding reflects a thoughtful analysis of each violation deemed to be "rent impairing" and each bears a reasonable relation to the underlying conditions which brought about the passage of the act and which the act seeks to remedy. In the circumstances, it cannot be said that the respondent's determination was arbitrary, capricious, or unreasonable. Where there is a rational basis in fact and in law for the determination made, the judicial function is exhausted (*Matter of Mounting & Finishing Co.* v. *McGoldrick,* 294 N. Y. 104; *Matter of First Terrace Gardens* v. *McGoldrick,* 1 N Y 2d 1). The court may not substitute its judgment for that of the Commissioner (*Matter of Friedman* v. *Weaver,* 3 N Y 2d 123).

The application is, accordingly, denied and the petition dismissed.