■ In the Matter of BROADWAY-AMSTERDAM ASSOCIATES, Respondent, v. FREDERIC S. BERMAN, as Commissioner of the Department of Rent and Housing Maintenance, Respondent, and MAXWELL S. SCHNELLER, Intervenor-Appellant.— Judgment, entered on August 13, 1968, setting aside an order of the Rent Commissioner and directing him to reinstate a certificate of eviction previously granted, unanimously reversed, on the law, application denied and petition dismissed, without costs and without disbursements. The Commissioner determined that " the maid's room is properly excluded in counting the number of rooms comprising apartment 6-F  *  *  *  [T]herefore,  *  *  *  the subject apartment 6-F contains only five rooms, exclusive of the kitchen and two bathrooms by reason whereof it fails to qualify for a certificate of eviction under the provisions of § 57 of the Regulations " (Commissioner's order of January 12, 1968). The small "maid's room " is separated from the tenant's apartment by a public hallway which leads to a service elevator and stairs. To reach that room the tenant must leave his apartment via a kitchen door and cross the public hallway. Said room will not become a part of either of the two apartments which would result from the proposed subdivision of apartment 6-F. There being a rational basis and substantial support in the record for the Commissioner's conclusion that apartment 6-F was not " underoccupied " within the meaning of section 57 of the Rent, Eviction and Rehabilitation Regulations, Special Term erred in substituting its judgment for that of the Commissioner (*Matter of Mounting & Finishing Co.* v. *McGoldrick*, 294 N. Y. 104). Moreover, as we had recent occasion to point out, the general rule is that an " administrative agency's interpretation of its own regulation is to be afforded controlling weight " (*Matter of Romanow* v. *City Rent & Rehabilitation Administration*, 31 A D 2d 899). Concur — Eager, J. P., Capozzoli, McGivern and Steuer, JJ.