Morris Slifkin, J.
This is a proceeding pursuant to CPLR article 78 to review a determination of respondents after a fair hearing denying petitioner’s request for a supplementary grant with which to purchase furniture.
The asserted facts are as follows. In May, 1974, the petitioner, a recipient of public assistance, took her family and her furniture to South Carolina. She stored the furniture in the basement of her father’s house. In June, 1974, following a period of heavy rains, the petitioner claims to have found the furniture damaged due to mildew. Thereafter, she sold the furniture for $100. In August, 1974, she returned to Westchester County and in September she reapplied for public assistance which was granted. She also asked for a grant with which to purchase furniture, but this was denied on the ground that she did not qualify under 18 NYCRR 352.7 (d). Thereafter, she requested a fair hearing which was held on December 4, 1974. At the fair hearing she specifically stated that there was no flooding or substantial accumulation of water, but that the damage was solely due to mildew. A decision was rendered on December 17, 1974 which upheld the denial of a grant for furniture on the ground that under 18 NYCRR 352.2 (d) a supplemental allowance may not be made other than is authorized by the regulations and therefor, petitioner did not qualify under 18 NYCRR 352.7 (d) which provides for replacement of furniture "which has been lost in a fire, flood or other like catastrophe”.
*446 In thé instant proceeding brought to review the decision upholding the denial of a grant for furniture replacement, the petitioner alleges that she is entitled to the grant because: (1) pursuant to 18 NYCRR Part 372 and section 350-j of the Social Services Law, she has met all the requirements for emergency assistance; (2) pursuant to 18 NYCRR 352.7 (a) (1), she is establishing a home for herself and her children; (3) pursuant to 18 NYCRR 352.7 (d), her furniture was lost when it was either destroyed or severely damaged by a natural disaster, heavy rainfall and flooding.
The court notes that petitioner alleges that she raised the grounds numbered (1) and (2) above at the fair hearing, claiming the hearing officer failed to rule on these points but upheld the denial pursuant to grounds based on the rule in number (3) above. However, upon a careful reading of the minutes of the fair hearing, the court concludes that ground number (2) was never raised at the fair hearing. Further, while brief mention was made of an alleged emergency, it was not pursued but rather the thrust of the hearing was directed at the regulation involved in ground number (3).
In view of the foregoing, the court deals first with ground number (3).
18 NYCRR 352.2 (d) limits supplemental allowances to those authorized by the regulations. 18 NYCRR 352.7 (d) requires the respondents to provide replacement of clothing or furniture which has been lost "in a fire, flood or other like catastrophe”. Further, as decided in Howard v Wyman (28 NY2d 434), that provision has been strictly construed. Thus, in the Matter of Nazario v New York City Comr. of Social Servs. (37 AD2d 630), it was held that the loss of furniture due to eviction and public sale did not constitute a loss due to catastrophe.
In the proceeding at bar, the petitioner’s own testimony clearly eliminated the possibility of the damage being caused by flooding when she specifically stated that there was no water accumulation, but that the damage was caused by mildewing of the furniture which had been left in an incomplete basement during weeks of heavy rains. Thus, petitioner can prevail on this ground only if the term "other like catastrophe” can be construed as including mildew damage.
As noted by the respondents the damage here, although ultimately caused by mildew, was occasioned by the negligence of petitioner in storing her furniture in an incomplete basement and not checking on it during the course of the *447 rainy season or "dog days” as she refers to the period during which heavy rains were experienced.
In view of the limitation of 18 NYCRR 352.2 (d) and the language of 18 NYCRR 352.7 (d) this court will not extend the term "other like catastrophe” to the situation at bar. (See decision of Slifkin, J., Matter of Mitchell v Lavine, Westchester County Index No. 7677/1973 [Dec. 6, 1973].) Accordingly, the court concludes that the determination that petitioner did not qualify under this section was not arbitrary, capricious or an abuse of discretion. Absent a showing that respondent’s construction of the section is irrational, their determination should be upheld (see, e.g., Matter of Mounting & Finishing Co. v McGoldrick, 294 NY 104, 108).
As noted above, there was mention at the fair hearing of the possibility of granting petitioner relief pursuant to section 18 NYCRR Part 372 on the ground of emergency. The hearing officer did not pass on this claim, nor was it pursued at the hearing. Accordingly, the court will remit to the respondents for a further hearing the claim under this section. (See, e.g., Howard v Wyman, 28 NY2d 434, 438, n 3, supra; Matter of Nazerio, 37 AD2d 630, supra.)
Finally, with respect to the claim that petitioner is entitled to relief under 18 NYCRR 352.7 (a) (1), the court notes that this issue was not raised before the hearing officer and thus, this court cannot conclude that he acted arbitrarily with respect to it.
To summarize, the proceeding is remitted to the respondent for an additional hearing on the claim pursuant to section 18 NYCRR 372. In all other respects, the petition is denied.