John T. Casey, J.
The petitioner was terminated as of June 30, 1975 from his last held permanent civil service position (Senior Employment Consultant [Grade 23]) for lack of seniority when that position was eliminated as part of the cutback program in State finances. The petitioner was in that title since 1971. Prior thereto and from September, 1970 his title was Employment Specialist (Counseling) (Grade 19) and for three years before that he was Senior Employment Interviewer (Grade 18).
While the petitioner was serving in the Grade 23 title from which he was terminated, all of the Employment Specialist (Counseling) items were reclassified with the single exception of the item held by a Jacob Mogel who was not reclassified when it was determined that the duties of his position differed significantly from the other Employment Specialists who were reclassified and his position was earmarked for re-evaluation when it became vacant. As the only employee left in that Grade 19 title Mr. Mogel has more seniority than the petitioner.
In this proceeding the petitioner contends that the retreat rights accorded him in subdivision 6 of section 80 of the Civil Service Law have been arbitrarily denied. Conceding as he does seniority to Mr. Mogel, he argues that the highly specialized duties being performed by Mr. Mogel as well as the commission’s expressed intention to reclassify that position actually make the last remaining position in that title that of *542 a Statewide Job Coordinator; and that, therefore, the entire title of Employment Specialist (Counseling) (Grade 19) was effectively abolished and petitioner should be permitted to "retreat” to Senior Employment Interviewer (Grade 18) as the "last existing” title in which the petitioner served on a permanent basis prior to the service in the position he now holds.
It is the interpretation to be placed on the quoted words of the statute "last served” that creates the problem. The petitioner believes the only reasonable interpretation that can be given to those words is "last existing position”. Arguing that if he can show that the positions in the title in which he last served have all been eliminated by reclassification or specialization, the next lower title (Senior Employment Interviewer herein) must be considered and the petitioner permitted to displace an incumbent in that title with less seniority than he. At first blush, his argument appears meritorious, i.e., that he can go to the next title below that exists, displacing someone who in turn can do the same to an incumbent in the next lower existing title until the one with the least service in the entire promotional area has been displaced. Such application of the rule would, however, be highly disruptive. A constant shifting of positions with a great loss of efficiency to the public would occur. With that in mind the Legislature seeking to give some measure of job protection to older employees as against younger ones, (Schaefer v Rathmann, 237 App Div 491, affd 262 NY 492), made the statute dealing with retreat rights in such cases limited in scope by the deliberate use of the words "last served” rather than "last existing position” in which there was service. Therefore, if the title in which the incumbent "last served” has been abolished, he has no retreat rights. If this result appears harsh or unfair it must be remembered that prior to 1972 there were no retreat rights provided for any employee. When they were provided, therefore, they were provided in a limited scope and fashion. This is the interpretation placed on the statute by the Civil Service Commission and because the statute falls within its special expertise and control that interpretation is entitled to great weight and will be sustained if it has a rational basis in law. (Matter of Mounting & Finishing Co. v McGoldrick, 294 NY 104; Matter of Hotel Assn. of New York City v Weaver, 2 AD2d 957, affd 3 NY2d 206.)
If it were not for the interpretation accorded the statute *543 herein, the petitioner’s claim would still fail. The position of Mr. Mogel has not yet been reclassified despite the expressed intention that such might be done in the future. The petitioner should not be permitted to attack the classification of Mr. Mogel in this proceeding. Therefore, the title of Employment Specialist (Counseling) is not vacant or nonexistent. It is occupied by Mr. Mogel and he has more seniority than the petitioner. On both grounds the petition lacks merit and is accordingly dismissed.