Appeal from decisions of the Unemployment Insurance Appeal Board, filed February 20, 1975 and April 3, 1975, which affirmed decisions of a referee sustaining initial determinations of the Industrial Commissioner ruling claimants ineligible to receive benefits on the ground they were not totally unemployed. Claimants were all employed by Artintype Metro, Inc. (Metro) in the printing industry. Metro had a collective bargaining contract with New York Typographical Union Local No. 6 of which all claimants were members. The contract expired, and subsequently, on June 3, 1974, a strike was called. The claimants were assigned regular tours of duty on the picket line. Initially, the shift was for eight hours a day, then reduced to six and later to five. Pursuant to the union rules, striking employees were entitled to benefits of $150 per week from the international union and $12 per week from the local, making a total of $162. The board determined that claimants were not totally unemployed and denied benefits. This appeal ensued. A resolution of the controversy revolves on the issue of whether claimants were totally unemployed as defined in section 522 of the Labor Law which provides as follows: " 'Total unemployment’ means the total lack of any employment on any day. The term 'employment’ as used in this section means any employment including *998 that not defined in this title.” While construction of specific language in a statute is the function of the courts, where the initial determination by the administrative agency is warranted by the record and has a reasonable basis in law, it is to be accepted. (Red Hook Cold Stor. Co. v Department of Labor of State of N. V, 295 NY 1, 9; Matter of Mounting & Finishing Co. v McGoldrick, 294 NY 104, 108.) This record reveals that, pursuant to the union rules, a member, unless excused by the union because of illness or other good cause, must report daily to the proper union officer in order to be entitled to benefits; if he arbitrarily refuses to report to the strike site he is not entitled to benefits; if he is entitled to a vacation during the strike period he is required to take his vacation and is not entitled to benefits; and if he refuses to picket in order to seek other employment, he is not entitled to benefits. An examination of the record in its entirety demonstrates that there is both a factual and reasonable legal basis for the board’s determination that claimants were not totally unemployed. Since the factual basis is supported by substantial evidence, it must be affirmed. Furthermore, we reject claimants’ contention that the benefits received are a return for the weekly contributions made by claimants to the so-called strike fund. The record reveals that the amount received by the striking employees is fixed by the union and bears no relationship to the weekly contributions. Consequently, the determinations of the board must be upheld. Decisions affirmed, without costs. Sweeney, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.