■ In the Matter of HELEN MONTGOMERY, Respondent, v NEW YORK CITY HOUSING AUTHORITY et al., Appellants.—Judgment, Supreme Court, New York County, entered October 26, 1976, unanimously reversed, on the law, and petition dismissed, without costs and without disbursements. Petitioner-respondent, tenant in respondent-appellant authority's housing project received notice of termination of tenancy as undesirable because of the acts of her two minor sons which, if performed by adults, would have been serious crimes, indeed felonies. A full hearing was held at which the foregoing was established by competent testimony, and at which petitioner and her sons, though present, gave no testimony. Petitioner was ordered evicted, but sued under CPLR article 78 for review of respondent authority's order. Special Term, citing compliance by the authority with established guidelines for a proper hearing, added that "there does not appear to have been an error of law in the determination," which "in and of itself, cannot be said to be arbitrary, capricious or an abuse of discretion". Then, citing Matter of Ryan v Hofstra Univ. (67 Misc 2d 651), as justification, Special Term remanded the matter to the authority "for a redetermination of the mode of penalty", directing respondent to "attempt to work with the tenant in an attempt to secure the kind of care and supervision which the disruptive youngsters obviously requires [sic]." The Ryan case has no application; it involved an institution which broke its own rule and failed to accord the hearing provided for before disciplining a student. Nor is there any basis in law whatever for Special Term's directive, even if the language used can be translated into a precise definition of what respondent was ordered to do. Certainly it would be desirable to achieve rehabilitation of the unruly youngsters here involved, but there is no statute known to the court which would permit respondent to add that activity to its duties. The duty of Special Term, despite its real and compassionate concern, had been completed when it satisfied itself that there was a rational basis for the administrative determination. (See Matter of Mounting & Finishing Co. v McGoldrick, 294 NY 104.) The directive was an unwarranted interference with respondent's powers and duties. The petition should have been dismissed. Concur—Lupiano, J. P., Capozzoli, Lane, Markewich and Lynch, JJ.