■ COSMO REALTY CORP. et al., Appellants, v YVONNE SCRUGGS-LEFTWICH, as Commissioner of New York State Division of Housing and Community Renewal, et al., Respondents, and CITY OF MOUNT VERNON, Intervenor-Respondent.—In an action for a judgment declaring, *inter alia,* the unconstitutionality of the Laws of 1983 (ch 353), the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Coppola, J.), dated November 13, 1984, which denied their motion for summary judgment, and granted the defendants' cross motion for summary judgment declaring, *inter alia,* the Laws of 1983 (ch 353) and the Mount Vernon resolution of July 15, 1983, reestablishing rent control, to be constitutional.

Judgment affirmed, with one bill of costs payable to respondents appearing separately and filing separate briefs.

The plaintiffs failed to meet their burden to establish the unconstitutionality of the Laws of 1983 (ch 353). The record demonstrates that the statute was enacted in order to deal with the emergency created by the plaintiffs' demands for dramatic rent increases. While the method of dealing with the crisis may not have been the only one possible, and may not even have been the best solution, the Legislature's response to the crisis was neither irrational nor unreasonable, and therefore is constitutional *(see, Bucho Holding Co. v Temporary State Hous. Rent Commn.,* 11 NY2d 469).

The New York State Division of Housing and Community Renewal (hereinafter the Division) is entitled to have its interpretation of the regulating statute upheld as long as that construction is not irrational *(Minton v Domb,* 63 AD2d 36). Here, the Division concluded that the housing which became decontrolled with respect to the Emergency Housing Rent Control Law automatically became subject to the Emergency Tenant Protection Act (hereinafter the ETPA). In view of the language in the ETPA which speaks of housing "heretofore or hereafter decontrolled" (McKinney's Uncons Laws of NY § 8623 [a]), the Division's construction is not irrational, and therefore must be upheld.

The plaintiffs' remaining contentions have been considered

and found to be without merit. Mangano, J. P., Gibbons, Niehoff and Kunzeman, JJ., concur.