OPINION OF THE COURT
Sidney Leviss, J.
In this CPLR article 78 proceeding, petitioners seek to annul the determination of the respondent dated February 26, 1986 which denied their applications for alternative hardship rent increases.
Petitioners were each owners and then sponsors of buildings which were converted to cooperative ownership. They remain the holders of all unsold shares in the cooperative. Applications were filed by petitioners for increased rents for these *134 rent-stabilized apartments pursuant to Administrative Code of the City of New York § YY51-6.0 (c) (6-a) (presently renum by L 1985, ch 907, as § 26-511 [c] [6-a]). Four orders were issued on September 12, 1985 denying these applications on the basis that these increases were available only to owners of buildings not owned as cooperatives or condominiums. Thereafter, the petitions for administrative review were consolidated and on February 26, 1986 were denied inasmuch as the statutory phrase, owners of buildings, precludes an increase to petitioners who own only unsold shares allocated to apartments.
It is petitioners’ contention that this determination is based on respondent’s Operational Bulletin No. 85-2 which is without legislative authority. The bulletin specifically states that individual shareholders or unit owners are not building owners for the purpose of eligibility for an alternative hardship increase. Petitioners argue that this sweeping denial of increases for an entire class of owners is contrary to legislative mandate and inconsistent with respondent’s Operational Bulletin No. 84-4 which permits rent increases for holders of unsold shares when major capital improvements are paid out of their own funds.
Section YY51-6.0 (c) (6-a) provides: "as an alternative to the hardship application provided under paragraph six of this subdivision owners of buildings acquired by the same owner or a related entity owned by the same principals three years prior to the date of application may apply to the division for increases in excess of the level of applicable guideline increases established under this law based on a finding by the commissioner that such guideline increases are not sufficient to enable the owner to maintain an annual gross rent income for such building which exceeds the annual operating expenses of such building by a sum equal to at least five percent of such gross rent.”
Section YY51-6.0 (c) (6) states in pertinent part: "the commissioner may act upon applications by owners for increases in excess of the level of fair rent increase established under this law provided, however, that such criteria shall provide * * * (b) as to completed building-wide major capital improvements”.
The clear meaning of section YY51-6.0 (c) (6-a) appears to exclude those persons or entities that are not owners of the building. To the contrary, however, is the major capital improvement section which requires the applicant to be merely an owner.
*135 "It is well settled that the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld.” (Matter of Howard v Wyman, 28 NY2d 434, 438.) The variance in the statutory language provides a rational basis for the respondent to distinguish between these separate increases. Although the agency’s bulletins lack legislative authority, they do reflect the respondent’s interpretation of the statutes and must be given great weight. (Matter of Plaza Mgt. Co. v City Rent Agency, 48 AD2d 129, affd 37 NY2d 837.) It is not the function of the court in an article 78 proceeding to substitute its judgment for that of an administrative body but to determine whether a rational basis exists for the decision. (Matter of Fazio v Joy, 58 NY2d 674; Matter of Colton v Berman, 21 NY2d 322.) In view of the foregoing, the respondent’s determination must be upheld.
Accordingly, the petition is denied and the proceeding is dismissed.