■ In the Matter of MILO KRAKOWER et al., Appellants, v STATE OF NEW YORK, DIVISION OF HOUSING & COMMUNITY RENEWAL, OFFICE OF RENT ADMINISTRATION, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent State of New York, Division of Housing and Community Renewal, dated August 28, 1984, which found that certain premises owned by the petitioners were subject to the provisions of the Emergency Tenant Protection Act of 1974, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Ruskin, J.), dated January 25, 1987, which confirmed the determination and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The subject premises consist of two adjacent 3½-story apartment houses in Port Chester, New York, one containing 8 dwelling units and the other containing 6. The two buildings have a long history of common ownership and a similar appearance. Based upon a physical inspection by the respondent's inspector which found that the premises shared a common heating plant and common basement, the respondent

determined that the premises constitute a single horizontal multiple dwelling and are therefore subject to the Emergency Tenant Protection Act of 1974.

The petitioners owners of the premises point to a number of separate characteristics and argue that the inspector's findings did not form a sufficient basis for the determination. Contrary to the petitioners' assertions, we find that the respondent's determination was neither irrational nor arbitrary and capricious.

A determination of the respondent which is rationally based and in accordance with the law should be upheld (see, *Matter of Mounting & Finishing Co. v McGoldrick,* 294 NY 104; *Matter of Gottlieb v Mirabal,* 123 AD2d 574, *lv denied* 69 NY2d 609). Even where there are divergent factors which might well lead to different conclusions, the determination of the agency responsible for administering the statute, unless irrational, should be upheld (see, *Matter of Love Sec. Corp. v Berman,* 38 AD2d 169, 171).

The respondent's interpretation of the applicable regulatory provisions to mean that a "horizontal multiple dwelling" need not also constitute a "garden-type maisonette dwelling complex" as defined by Multiple Dwelling Law § 163 before it may come under the Emergency Tenant Protection Act is rational (see, *Matter of Plaza Mgt. Co. v City Rent Agency,* 48 AD2d 129, *affd* 37 NY2d 837). Thus, its interpretation of the regulatory provisions should be upheld (see, *Cosmo Realty Corp. v Scruggs-Leftwich,* 118 AD2d 826, *appeal dismissed and lv denied* 68 NY2d 728). Lawrence, J. P., Kunzeman, Kooper and Balletta, JJ., concur.