■ In the Matter of GRAND LEASING COMPANY et al., Appellants, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal, dated February 26, 1986, which found that the alternative hardship provision of the Administrative Code of the City of New York was not available to holders of unsold shares of buildings owned as cooperatives, the petitioners appeal from a judgment of the Supreme Court, Queens County (Leviss, J.), dated March 12, 1987, which confirmed the determination and dismissed the petition.

Ordered that the judgment is affirmed, with costs.

Each petitioner formerly owned a building which was converted to cooperative ownership, and currently holds all of the unsold shares of stock in the respective cooperatives. Some time after the conversions they each filed separate alternative hardship applications pursuant to Administrative Code of the City of New York § 26-511 (c) (6-a) (formerly § YY51-6.0), seeking permission to increase rents in the apartments for which they held the cooperative stock. Those applications were denied by the New York State Division of Housing and Community Renewal (henceforth DHCR) on the ground that alternative hardship relief was not available to the owners of unsold rent-stabilized apartments in the cooperative buildings. This position was adopted by the Deputy Commissioner, whose determination was confirmed by the Supreme Court.

By its terms Administrative Code § 26-511 (c) (6-a) applies only to "owners of buildings". The DHCR, the agency charged with administering that provision, determined that cooperative forms of ownership did not fall within that phrase. That determination has a rational basis, as it is supported by the express language of the statute and fulfills the purpose of the alternative hardship provision as found by the New York State Temporary Commission on Rental Housing, which is to assist building owners who by virtue of rent stabilization might operate at a loss or at unreasonably low profits *(Matter of Cier Indus. Co. v New York State Div. of Hous. & Community Renewal,* 135 Misc 2d 1003). Thus, the Supreme Court properly confirmed DHCR's determination and dismissed the petition *(see, Matter of Johnson v Joy,* 48 NY2d 689; *Matter of Krakower v State of New York Div. of Hous. & Community*

*Renewal,* 137 AD2d 688). Mollen, P. J., Mangano, Brown and Sullivan, JJ., concur. *[See,* 134 Misc 2d 133.]