In the Matter of JAMMIE COOK, Appellant, v STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL, OFFICE OF RENT ADMINISTRATION, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Division of Housing and Community Renewal, dated November 19, 1987, which vacated a certificate of eviction, the petitioner landlord appeals from stated portions of a judgment of the Supreme Court, Westchester County (West, J.), entered March 31, 1988, which, *inter alia,* dismissed so much of the petition as alleged that the determination was arbitrary and capricious.

Ordered that the appeal is dismissed, without costs or disbursements, and the judgment entered March 31, 1988 is vacated; and it is further,

Adjudged that the determination is confirmed, and the proceeding is dismissed on the merits, with costs.

Since questions of substantial evidence are involved, this proceeding should have been transferred to this court pursuant to CPLR 7804 (g). However, this court will treat the matter as one initially transferred here and will review the

administrative determination de novo *(see, Matter of Old Country Toyota Corp. v Adduci,* 136 AD2d 706; *People ex rel. McClatchie v Reid,* 105 AD2d 721; CPLR 7804 [g]).

The record establishes that the determination of the Commissioner of the New York State Division of Housing and Community Renewal vacating the certificate of eviction issued by the District Rent Administrator was not irrational or illegal *(see, Matter of Krakower v State of New York, Div. of Hous. & Community Renewal,* 137 AD2d 688, 689). Furthermore, we find that the Commissioner's determination that the landlord's application for a certificate of eviction was not made in good faith was based upon substantial evidence *(see, Wilson v Division of Hous. & Community Renewal,* 121 AD2d 390, 391). Accordingly, it must be upheld. Thompson, J. P., Rubin, Sullivan and Rosenblatt, JJ., concur.